UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EAGLE AUTO MALL CORP., TERRY CHRYSLER JEEP, INC., JHS BUSINESS ASSOCIATES INC. D/B/A CROSSROADS SUPERSTORE, AND WESTMINSTER DODGE, INC.<br><br>       Plaintiffs,<br><br>v.<br><br>CHRYSLER GROUP LLC,<br><br>       Defendant. | Case No. 2:10-cv-03876-LDW-ETB |

**CHRYSLER GROUP LLC'S MEMORANDUM IN RESPONSE TO PLAINTIFFS' NOVEMBER 16, 2010 SUBMISSION TO THIS COURT**

Defendant, Chrysler Group LLC ("Chrysler Group"), respectfully submits this Memorandum in Response to Plaintiffs' November 16, 2010 Submission to this Court ("Chrysler Group's Motion). On November 16, 2010, Plaintiffs provided this Court with a copy of the Memorandum Opinion and Order (the "New Mexico Ruling") issued by the United States District Court for the District of New Mexico in *Quality Jeep Chrysler v. Chrysler Group, LLC*, 10-cv-00900 (D.N.M.) (the "New Mexico Action") denying Chrysler Group's Motion to Transfer. The plaintiffs imply in their letter that, because the New Mexico Ruling disposed of "an identical motion filed by Chrysler" in the New Mexico Action, this Court should follow the New Mexico Ruling in denying Chrysler Group's Motion to transfer this civil action to the Eastern District of Michigan. The plaintiffs, however, fail to mention that the New Mexico Ruling was based on decidedly different factual assertions than are present in this case; or that the District of New Mexico failed to address substantively the primary ground relied on by Chrysler Group to support its motion in this case: namely, a transfer to the Eastern District of Michigan, where three companion cases are pending before the same judge involving the same issues as presented in this case, will promote the interests of justice, including the efficient deployment of scarce judicial resources, and minimize the potential of inconsistent rulings by different courts on the same issues.

The District of New Mexico was clear that its ruling was based on "the convenience of the witnesses and parties, the locus of operative facts [in New Mexico], and the involvement of local law." (Opinion at 10.) The facts alleged by the plaintiffs in this case are much different and therefore should lead to a different result.

*First*, the New Mexico Action was commenced by a single corporate plaintiff that maintained its principal place of business in New Mexico and transacted substantially all of its

1

business in New Mexico. The plaintiff's complaint names as a defendant (in addition to Chrysler Group) a dealership also operating in New Mexico. In stark contrast, this civil action was commenced by four corporate plaintiffs, two of which are not even located within this District, and their claims are against Chrysler Group only and no other defendant. Accordingly, the convenience of the witnesses and parties, which was a determinative factor in the New Mexico Ruling, should be given far less weight in this case. Indeed in this action, the two plaintiffs located in Massachusetts and Oklahoma cannot argue credibly that this District is somehow more convenient for witnesses and parties than the Eastern District of Michigan. Moreover, a plaintiff's choice of forum is given less deference when the chosen forum is not the plaintiff's home state. *See Payless Shoesource, Inc. v. Avalon Funding Corp.*, 666 F. Supp. 2d 356, 363 (E.D.N.Y. 2009) (affording "lesser deference to [plaintiff's] choice of forum" where district was not plaintiff's home forum); *Ritz Hotel, Ltd. v. Shen Mfg. Co.*, 384 F. Supp. 2d 678, 683-84 (S.D.N.Y. 2005) ("While a plaintiff's choice of forum is generally entitled to substantial weight, that choice is accorded less deference when, as here, a plaintiff brings suit outside its home forum.") Here, where two of the four plaintiffs do not reside in this District, the Court should afford the plaintiffs' choice of forum substantially less deference than that afforded to the plaintiff in the New Mexico Action.

  ***Second***, unlike in the New Mexico Action, substantial portions of the plaintiffs' claims in this case do not pertain to alleged violations of state dealer laws. In the New Mexico Action, the Court determined that "the locus of operative facts" was in New Mexico because "a substantial portion of [the plaintiff's] claims pertain to alleged violations of the New Mexico Motor Vehicle

2

Dealers Franchising Act." (Opinion at 8.)[1]  Thus, based *inter alia* on "the involvement of local law," the court found that there was "no significant advantage in having the Michigan court decide the entire matter." (Opinion at 9.)  In contrast, the plaintiffs here did not bring a single claim under New York's motor vehicle dealer statute.  Instead, the plaintiffs' claims depend primarily on the interpretation of federal law, namely Section 747, or Chrysler Group's letter of intent which is governed by Michigan law.  The plaintiffs allege common law counts that arise from the same factual allegations.  *See* Complaint, Dkt. No. 1, at Count I (confirmation of arbitration award under Section 747); *id.* at Count II (violation of Section 747 because of Chrysler's "fail[ure] and refus[al] to issue to any of the Plaintiffs 'a customary and usual letter of intent.'"); *id*. at Count III (declaratory relief that "Chrysler has failed and refused to issue to any of the Plaintiffs 'a customary and usual letter of intent.'"); *id.* at Count IV (tortious interference for "failing and refusing to provide Plaintiffs with 'a customary and usual letter of intent.'"); *id*. at Count V (breach of covenant of good faith and fair dealing "in seeking to impose unfair, unreasonable and not customary terms and conditions as part of their Letter of Intent has been done in bad faith").  Accordingly, because there are no state dealer law claims at issue here, and resolution of the claims alleged depend upon interpretation of either federal or Michigan law, there is a significant advantage in having the Michigan court decide this entire matter.

*Third*, the District of New Mexico failed to address in any substantive manner the considerable interests of justice cited by Chrysler Group that would be served by transferring the

---

[1] Quality and Eagle are not ***existing*** new motor vehicle dealers under the dealer laws of New Mexico and New York, respectively, and therefore have no rights under these statutes.  Both Quality and Eagle are ***former Old Chrysler dealers*** whose dealer agreements were rejected in June 2010 by order of the Bankruptcy Court.  Quality and Eagle prevailed in their Section 747 arbitrations and were offered letters of intent in compliance with the directive in Section 747.  Neither Quality nor Eagle have signed the letter of intent tendered to them and neither of them have entered into a "franchise agreement" with ***Chrysler Group*** that would entitle them to rights under the state dealer laws of New Mexico or New York, respectively.

3

New Mexico Action to the Eastern District of Michigan. It is true that the District of New Mexico acknowledged the interests of justice as a factor to be weighed, but it went on to give this important factor practically no attention in the remainder of its decision, opting instead to defer to the New Mexico plaintiff's choice of a New Mexico forum. (Opinion at 7). In the Eastern District of New York, however, "courts consistently recognize that the existence of a related action in the transferee district is a strong factor to be weighed with regard to judicial economy, and may be determinative." *Rabbi Jacob Joseph Sch. v. Province of Mendoza*, 342 F. Supp. 2d 124, 130 (E.D.N.Y.2004); *see also Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 619 (2d Cir. 1968) ("There is a strong policy favoring the litigation of related claims in the same tribunal in order that pretrial discovery can be conducted more efficiently, duplicitous litigation can be avoided, thereby saving time and expense for both parties and witnesses, and inconsistent results can be avoided.") Thus, although the interests of justice factor was not properly considered by the District of New Mexico, it should be determinative here in light of this Court's precedent, particularly where the convenience of the witnesses, deference to the plaintiff's choice of forum and the relevance of state dealer law do not apply in this case in the same manner as these factors were relied on in the New Mexico Ruling.

    For the reasons set forth above, Chrysler Group respectfully requests that this Court give no weight to the New Mexico Ruling and transfer this action to the Eastern District of Michigan pursuant to 28 U.S.C. § 1404(a).

                                            Respectfully submitted,

Dated: November 23, 2010                CHRYSLER GROUP LLC

                                            By its attorneys,

/s/ Peter J. Macdonald
Wilmer Cutler Pickering Hale and Dorr LLP
Peter J. Macdonald
Nicole E. Feit
399 Park Avenue
New York, NY 10022
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
peter.macdonald@wilmerhale.com
nicole.feit@wilmerhale.com

Of Counsel:

Robert D. Cultice
George W. Mykulak
Anne M. McLaughlin
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
(617) 526-6000
Fax:  (617) 526-5000

Attorneys for Defendant,
Chrysler Group LLC