# BELLAVIA GENTILE
## &
## ASSOCIATES, LLP
### ATTORNEYS AT LAW

200 OLD COUNTRY ROAD • SUITE 400
MINEOLA, NEW YORK 11501
www.DealerLaw.com

TELEPHONE 516-873-3000
FACSIMILE 516-873-9032

LEONARD A. BELLAVIA
JOHN G. GENTILE

STEVEN H. BLATT
WARREN S. DANK△○
WILLIAM R. BRUNNER†
MICHAEL S. CIACCIO
MATTHEW DAVID BROZIK△
BARRY M. WEISS

Counsel

KENNETH F. McCALLION
THOMAS A. HOLMAN
KEVIN MALDONADO
MARK W. GAFFNEY
JANE K. CRISTAL
PETER D. BARON
GAIL M. BLASIE

△Also admitted in New Jersey
○Also admitted in Connecticut
† Admitted only in New Jersey

December 2, 2010

VIA ECF AND REGULAR MAIL
Magistrate Judge E. Thomas Boyle
United States District Court – Eastern District of New York
Long Island Federal Courthouse
100 Federal Plaza
Central Islip, New York 11722

   Re: Eagle et. al. v. Chrysler Group LLC
     CV 2:10-CV-03876

Dear Magistrate Judge:

  This firm represents plaintiffs ("Plaintiffs") in the above-referenced action. By this letter, Plaintiffs hereby respond to defendant Chrysler Group LLC's ("Chrysler") November 30, 2010 letter motion requesting an adjournment of the December 10, 2010 scheduling conference until the final resolution of Plaintiffs' letter request concerning its intended motion to: (a) sever and/or bifurcate the parties' claims seeking declaratory relief; (b) directing an abbreviated sixty (60) day discovery schedule with respect to the above-referenced limited issues raised by the parties claims for declaratory judgment and; (c) setting forth an expedited briefing schedule for the filing of summary judgment motions by the parties so that these limited issues can be resolved expeditiously and economically ("Plaintiffs' Letter Request for a Speedy Trial").[1] Chrysler also contends that the Initial Scheduling Conference should also be adjourned pending the determination of its motion to transfer the within action to the Eastern District of Michigan ("Chrysler's Motion to Transfer")[2]. For the reasons set forth herein below, Plaintiffs strongly oppose Chrysler's request.

---

[1] Chrysler also requests, through its letter motion, that the parties' exchange of initial disclosures, currently due on December 3, 2010, also be postponed.

[2] **Chrysler served its Motion to Transfer on or about September 17, 2010. It did not move, at that time, to stay discovery pending the determination of that motion and waited to file its letter request**

The Plaintiffs received notice from Chrysler's bankrupt predecessor that their Chrysler dealership Sales and Service Agreements would be terminated as of June 9, 2009. Pursuant to Section 747 of the Consolidated Appropriations Act of 2010 (the "Act") the Plaintiffs filed demands for arbitration with the American Arbitration Association to get their dealerships back. Pursuant to the Act, any dealer who should not have been shut down by Chrysler was given a chance, through arbitration, to unwind the wrongful termination. Understanding that dealers could not wait indefinitely for the reinstatement of their dealerships, the Act's mandate for **the expedited conduct** of the reinstatement arbitrations was clear and intentional.[3] Despite the clear purpose of the Act (i.e., the quick reinstatement of wrongfully terminated dealers), Chrysler has purposely frustrated the quick reinstatement of the Plaintiffs' dealerships. Indeed, as a condition to reinstatement, Chrysler has demanded that Plaintiffs satisfy numerous new and onerous provisions criteria that did not pertain to the Plaintiffs' dealerships prior to their wrongful termination.[4] This "road block" to reinstatement was created by Chrysler in order to frustrate the intent of the Act and avoid the obligation to restore Plaintiffs. Based upon Chrysler's actions, Plaintiffs were compelled to institute the within action.

In essence, Chrysler, through its letter motion, seeks a stay of discovery pending the determination of both Plaintiffs' Letter Request for a Speedy Trial and Chrysler's Motion to Transfer. A party seeking a stay of discovery must, under Federal Rules of Civil Procedure Rule 26(c), **make a make a strong showing of good cause for the requested stay.** *Lithgow v. Edelmann*, 247 F.R.D. 61 (D.Conn. 2007). In determining whether good cause exists for a stay of discovery, the following three factors are considered: (i) whether the defendant has made a strong showing that the non-moving party's claim is not meritorious, (ii) the breath of the discovery sought by the non-moving party and (iii) the prejudice a stay would have on the non-moving party. *Steuben Food, Inc. v. County Gourmet Food, LLC*, 2009 WL 3191464 (W.D.N.Y. 2009); *Morien v. Munich Reinsurance America, Inc.*, 2010 WL 2869769 (D. Conn. 2010). Here, Chrysler has failed to establish any of the above-cited three factors, let alone make a strong showing of its entitlement to the requested stay.

---

to stay discovery a mere three days before the parties are scheduled to exchange initial disclosures and ten days before the scheduling conference.

[3] Indeed, as demonstrated by the November 18, 2010 letter from Congressman Steven LaTourette and Tim Bishop (attached as an exhibit to Chrysler's letter motion, **two of the Congressional authors of the Act, dealers that were victorious in their reinstatement arbitrations against Chrysler were to be reinstated "without delay."**

[4] **As demonstrated by the November 18, 2010 letter from Congressman Steven LaTourette and Tim Bishop (attached to Chrysler's letter motion), two of the Congressional authors of the Act, it was never the intention of Congress, in promulgating and passing the Act, that Chrysler "[c]ould impose costly, burdensome or punitive requirements on the winning party as part of a sales and service agreement or letter of intent;" "that covered dealerships that prevailed in arbitration be reinstated, period, not reinstated with a huge asterisk and laundry list of conditions;" and that "dealers that prevailed in arbitration, [should be reinstated] without delay and with no costly, reinstatement-killing strings attached." See also July 28, 2010 Letter of Congressman Bishop attached to Chrysler's Letter Motion.**

First, and importantly, there has been no dispositive motion filed by Chrysler and the only two pending matters before the Court are Chrysler's Motion to Transfer and Plaintiffs' Letter Request for a Speedy Trial. As such, there has been utterly no showing by Chrysler, let alone a strong one, that the Plaintiffs' claims are not meritorious.

Second, as demonstrated by Plaintiffs' Letter Request for a Speedy Trial and Plaintiffs' Proposed Civil Case Management Plan and Scheduling Order (both of which are attached to Chrysler's Letter Request), the breath of the discovery sought by Plaintiff is extremely limited and Plaintiff is seeking an abbreviated sixty (60) day discovery schedule. Indeed, the parties declaratory judgment claims related to the interpretation of the Act are primarily legal questions and the discovery to be sought by Plaintiffs concerning the interpretation of the Act would be extremely limited and can be accomplished in an expedited manner. As such, the burden on Chrysler in responding to such discovery requests would be minimal.

Finally, Plaintiffs would be greatly prejudiced by any stay of discovery. It is respectfully submitted that Chrysler's letter motion is an attempt by Chrysler at prolonging the within action to the severe prejudice of the Plaintiffs. Simply stated, any delay in the ultimate resolution of the within action will only serve, as Chrysler surely intends, to prejudice Plaintiffs by further frustrating and delaying their opportunity for reinstatement to the Chrysler dealer network. Indeed, as stated above, Chrysler's Letter of Intent was drafted solely to defeat the reinstatement of Plaintiffs and the prolonging of this litigation enhances Chrysler's improper and illegal goals. Specifically, Plaintiffs are losing sales and service profits every single additional day that they are precluded from selling and servicing Chrysler and Jeep vehicles. Chrysler is attempting to "starve" and outlast the dealers that won their reinstatement arbitrations. Chrysler surely figures that the longer it can delay the reinstatement of Plaintiffs' dealerships, the better chance it has that Plaintiffs will no longer be able to both prosecute the within action or afford to carry the facilities and properties formerly utilized as Plaintiffs' Chrysler dealership facilities. It can plainly be discerned that, as Chrysler desires, a protracted and expensive litigation only harms the Plaintiffs' ability to be reinstated.

Chrysler has now frustrated the quick reinstatement and continuation of Plaintiffs' automobile franchises as required by the Act for 18 months and, respectfully, the expedient resolution of this action is imperative.  For the foregoing reasons, it is respectfully requested that Chrysler's letter application be denied in its entirety.

Respectfully submitted,

BELLAVIA GENTILE & ASSOCIATES, LLP

By: _____
STEVEN BLATT (SHB 6792)

CC: Hon. Leonard Wexler (Via ECF and Regular Mail)
George Mykulak, Esq. (Via email)