# BELLAVIA GENTILE
## & ASSOCIATES, LLP
### ATTORNEYS AT LAW

LEONARD A. BELLAVIA
JOHN G. GENTILE

STEVEN H. BLATT
WARREN S. DANK△○
WILLIAM R. BRUNNER†
MICHAEL S. CIACCIO
MATTHEW DAVID BROZIK△
BARRY M. WEISS

△ Also admitted in New Jersey
○ Also admitted in Connecticut
† Admitted only in New Jersey

200 OLD COUNTRY ROAD • SUITE 400
MINEOLA, NEW YORK 11501
www.DealerLaw.com

TELEPHONE 516-873-3000
FACSIMILE 516-873-9032

Counsel
KENNETH F. McCALLION
THOMAS A. HOLMAN
KEVIN MALDONADO
MARK W. GAFFNEY
JANE K. CRISTAL
PETER D. BARON
GAIL M. BLASIE

January 4, 2011

VIA ECF AND REGULAR MAIL
Honorable Leonard D. Wexler
United States District Court – Eastern District of New York
Long Island Federal Courthouse
944 Federal Plaza
Central Islip, New York 11722

      Re:  Eagle et. al. v. Chrysler Group LLC
           CV 2:10-CV-03876

Dear Judge Wexler:

      This firm represents plaintiffs ("Plaintiffs") in the above-referenced action. As Your Honor is aware, there is pending before the Court a motion by defendant Chrysler Group LLC ("Chrysler") for an order pursuant to U.S.C. Section 1404(A) and Rule 12(B)(3) of the Federal Rules of Civil Procedure, to transfer the above-referenced action to the Eastern District of Michigan. The purpose of this letter is simply to provide the Court with a copy of the attached December 8, 2010 decision of the United States District Court for the Central District of California with respect to an identical motion filed by Chrysler in the case entitled *Los Feliz Ford Inc. v. Chrysler Group, LLC*, 10-cv-06077 (Exhibit A).[1]

---

[1] Plaintiffs had previously forwarded to the Court a copy of the attached (Exhibit B) November 16, 2010 decision of the United States District Court for the District of New Mexico with respect to an identical motion filed by Chrysler in the case entitled *Quality Jeep Chrysler v. Chrysler Group, LLC*, 10-cv-00900.

In determining to deny Chrysler's motion to transfer venue, the District Court in the *Los Feliz Ford* case held as follows:

### "B. NEW CHRYSLER'S MOTION TO TRANSFER VENUE

Also before the Court in New Chrysler's motion to transfer the present action to the Eastern District of Michigan. (Docket No. 26, Not.) In sum, New Chrysler argues that transferring the case would be more convenient to it because there are currently three other similar lawsuits pending in the Eastern District of Michigan that stem from Section 747. (Id., Mem. At 8, 11-12.)

A motion to transfer venue under 28 U.S.C. section 1404(a) requires the court to weigh the following factors: "(1) the plaintiff's choice of forum; (2) the convenience of witnesses and the parties; (3) the familiarity of the forum with the applicable law; (4) the ease of access to evidence; and (5) the relative court congestion and time of trial in each forum." Center for Food Safety v. Vilsack, 2010 WL 4392847, at *1 (N.D. Cal. Oct. 29, 2010) (citing Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000)). "The burden is on the moving party to demonstrate that the action should be transferred." Vilsack, 2010 WL 4392847, at *1 (citing Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979)).

Here, the Court finds that New Chrysler has not met its burden of demonstrating that the present action should be transferred to the Eastern District of Michigan. First, well established case law teaches that "the plaintiff's choice of forum is ... given substantial weight." Vilsack, 2010 WL 4392847, at *1. Accordingly, Star's decision to file suit in the Central District of California, a logical decision given its location within this district, weighs heavily against a transfer. Second, there is no persuasive showing that a transfer would be more convenient to anyone other than New Chrysler. None of the events giving rise to this case occurred in Michigan, the complaining dealer is not located in Michigan, the relevant real property and dealer locations are located in this state, not in Michigan, and the arbitration proceedings in question were held in California, (Compl. ¶ 17); (Docket No. 31, Opp. At 15). See Plasbro GMBH v. Chemacoustic Techs., Inc., 2010 wl 4269289, AT *3 (N.D. Cal. Oct. 25, 2010) (holding that because "a substantial part of the events giving rise to the claims in [the] action occurred [in the current venue] ... the considerations of convenience and interests of justice militate against a transfer of this action.") Third, this Court is in as good a position as any other district court- whether in Michigan or elsewhere- to evaluate and apply relevant federal and state case law. In sum, the Court is not persuaded that Star should be forced to litigate this dispute in another venue simply because it is more convenient for New Chrysler to defend the case in the Eastern District of Michigan. By transferring venue, the Court would do nothing more than shift, rather than eliminate, the relative inconvenience associated with this litigation. See Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986) (affirming the district court's denial of the motion to transfer because "[t]he transfer would merely shift rather than eliminate the inconvenience.") For these reasons, the Court DENIES New Chrysler's motion."

Finally, we would also like to take the opportunity to apprise the Court of the pendency of Plaintiff's November 23, 2010 letter application (another copy of which is attached as Exhibit C), pursuant to the Federal Rules of Civil Procedure, Rules 16, 42(b) and 57, for an order: (a) severing and/or bifurcating the parties' claims seeking

declaratory relief; (b) directing an abbreviated sixty (60) day discovery schedule with respect to the above-referenced limited issues raised by the parties claims for declaratory judgment and; (c) setting forth an expedited briefing schedule for the filing of summary judgment motions by the parties so that these limited issues can be resolved expeditiously and economically. In fact, the parties attended an Initial Planning Conference on December 10, 2010 before Magistrate Judge E. Thomas Boyle. Magistrate Boyle, however, declined to enter into a scheduling order for the taking of any disclosure due to this pending letter application.

It is respectfully submitted that any further delay in this matter will greatly prejudice Plaintiffs and play into Chrysler's plan of action to prolong the within action. Simply stated, any delay in the ultimate resolution of the within action will only serve, as Chrysler surely intends, to prejudice Plaintiffs by further frustrating and delaying their opportunity for reinstatement to the Chrysler dealer network. Indeed, as stated in Plaintiff's November 23, 2010 letter application, Chrysler's Letter of Intent was drafted solely to defeat the reinstatement of Plaintiffs and the prolonging of this litigation enhances Chrysler's improper and illegal goals. Specifically, Plaintiffs are losing sales and service profits every single additional day that they are precluded from selling and servicing Chrysler and Jeep vehicles. Chrysler is attempting to "starve" and outlast the dealers that won their reinstatement arbitrations. Chrysler surely figures that the longer it can delay the reinstatement of Plaintiffs' dealerships, the better chance it has that Plaintiffs will no longer be able to both prosecute the within action or afford to carry the facilities and properties formerly utilized as Plaintiffs' Chrysler dealership facilities. It can plainly be discerned that, as Chrysler desires, a protracted and expensive litigation only harms the Plaintiffs' ability to be reinstated.

Chrysler has now frustrated the quick reinstatement and continuation of Plaintiffs' automobile franchises as required by federal law for 19 months and, respectfully, the expedient resolution of Chrysler's pending motion and Plaintiffs' pending letter application is imperative.

Respectfully submitted,

BELLAVIA GENTILE & ASSOCIATES, LLP

By: _____
STEVEN BLATT (SHB 6792)

CC: George Mykulak, Esq. (Via email)

LINK: 22, 26

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 10-06077 GAF (MANx) | Date | December 8, 2010 |
|---|---|---|---|
| Title | Los Feliz Ford, Inc. v. Chrysler Group, LLC | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** (In Chambers)

## ORDER RE: MOTION FOR RECONSIDERATION AND MOTION TO TRANSFER VENUE

### I. INTRODUCTION AND BACKGROUND

Plaintiff Los Feliz Ford, Inc. dba Star Chrysler Jeep ("Star") was a Jeep dealer from 1985 to June 2009 and a Chrysler dealer from April 1993 to June 2009 pursuant to a dealership agreement with Chrysler Corporation ("Old Chrysler"). (Docket No. 1, Compl. ¶¶ 1, 10.) Defendant Chrysler Group, LLC ("New Chrysler") is a Delaware limited liability company with its principle place of business in Auburn Hills, Michigan. (Id. ¶ 2.) This case arose out of the termination of Star as a Chrysler dealer in connection with Old Chrysler's 2009 bankruptcy and its attempt to regain dealership status under Section 747 of the Consolidated Appropriations Act of 2010 ("Section 747"). (Id. ¶ 15.) On August 16, 2010, Star filed suit seeking a declaration that New Chrysler violated Section 747, an injunction requiring New Chrysler to issue a "customary and usual letter," and damages and injunctive relief for violating California Vehicle Code sections 11713.3(g) and 11726. (Id. ¶¶ 30-38.)

On September 20, 2010, New Chrysler moved to dismiss Star's third cause of action. (Docket No. 15.) After considering the moving papers, on October 27, 2010, the Court granted the motion and dismissed the third claim with prejudice. (Docket No. 21, 10/27/10 Order at 6.) Pending before the Court are two motions: (1) Star's motion for reconsideration, and (2) New Chrysler's motion to transfer venue. (Docket Nos. 22, 26.) Based on the reasons discussed more fully below, the Court **DENIES** both motions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 10-06077 GAF (MANx) | Date | December 8, 2010 |
| Title | Los Feliz Ford, Inc. v. Chrysler Group, LLC | | |

## II. DISCUSSION

### A. STAR'S MOTION FOR RECONSIDERATION

Under Local Rule 7-18, a motion for reconsideration may be made only if (1) there is "a material difference in fact or law from that presented to the Court before [its] decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision," or (2) "new material facts or a change of law" emerges, or (3) there is "a manifest showing of a failure to consider material facts [previously] presented to the Court." C.D. Cal. R. 7-18. Whether to grant reconsideration is committed to the sound discretion of the court. Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003).

Here, Star claims that its motion for reconsideration should be granted because there is "a manifest showing of a failure to consider material facts presented to the Court . . . ." (Docket No. 22, Not. at 2.) Star, however, fails to point to a single material fact that the Court overlooked when it rendered its decision. Rather, after reviewing the motion, it is evident that Star, in essence, disagrees with the Court's decision and wants a reconsideration of the legal arguments that it raised in its opposing brief. Specifically, Star argues that the Court's application and reliance on DaimlerChrysler Motors Co. v. Lew Williams, Inc., 142 Cal. App. 4th 344 (Ct. App. 2006) was "flawed." (Docket No. 22, Mem. at 3.) However, because "a motion for reconsideration may not be made on the grounds that a party disagrees with the Court's application of legal precedent," Pegasus Satellite Television, Inc. v. DirecTV, Inc., 318 F. Supp. 2d 968, 981 (C.D. Cal. 2004), Star's argument is without merit. Thus, the Court **DENIES** the motion.

### B. NEW CHRYSLER'S MOTION TO TRANSFER VENUE

Also before the Court is New Chrysler's motion to transfer the present action to the Eastern District of Michigan. (Docket No. 26, Not.) In sum, New Chrysler argues that transferring the case would be more convenient to it because there are currently three other similar lawsuits pending in the Eastern District of Michigan that stem from Section 747. (Id., Mem. at 8, 11-12.)

A motion to transfer venue under 28 U.S.C. section 1404(a) requires the court to weigh the following factors: "(1) the plaintiff's choice of forum; (2) the convenience of witnesses and the parties; (3) the familiarity of the forum with the applicable law; (4) the ease of access to evidence; and (5) the relative court congestion and time of trial in each forum." Center for Food

LINK: 22, 26

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 10-06077 GAF (MANx) | Date | December 8, 2010 |
|---|---|---|---|
| Title | Los Feliz Ford, Inc. v. Chrysler Group, LLC | | |

Safety v. Vilsack, 2010 WL 4392847, at *1 (N.D. Cal. Oct. 29, 2010) (citing Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000)). "The burden is on the moving party to demonstrate that the action should be transferred." Vilsack, 2010 WL 4392847, at *1 (citing Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979)).

Here, the Court finds that New Chrysler has not met its burden of demonstrating that the present action should be transferred to the Eastern District of Michigan. First, well established case law teaches that "the plaintiff's choice of forum is . . . given substantial weight." Vilsack, 2010 WL 4392847, at *1. Accordingly, Star's decision to file this suit in the Central District of California, a logical decision given its location within this district, weighs heavily against a transfer. Second, there is no persuasive showing that a transfer would be more convenient to anyone other than New Chrysler. None of the events giving rise to this case occurred in Michigan, the complaining dealer is not located in Michigan, the relevant real property and dealer locations are located in this state, not in Michigan, and the arbitration proceedings in question were held in California, (Compl. ¶ 17); (Docket No. 31, Opp. at 15). See Plasbro GMBH v. Chemacoustic Techs., Inc., 2010 WL 4269289, at *3 (N.D. Cal. Oct. 25, 2010) (holding that because "a substantial part of the events giving rise to the claims in [the] action occurred [in the current venue] . . . the considerations of convenience and interests of justice militate against a transfer of this action.") Third, this Court is in as good a position as any other district court – whether in Michigan or elsewhere – to evaluate and apply relevant federal and state case law. In sum, the Court is not persuaded that Star should be forced to litigate this dispute in another venue simply because it is more convenient for New Chrysler to defend the case in the Eastern District of Michigan. By transferring venue, the Court would do nothing more than shift, rather than eliminate, the relative inconvenience associated with this litigation. See Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986) (affirming the district court's denial of the motion to transfer because "[t]he transfer would merely shift rather than eliminate the inconvenience.") For these reasons, the Court **DENIES** New Chrysler's motion.

## C. LEAVE TO AMEND

Finally, the Court notes that Star included within its motion for reconsideration a request for a leave to amend its complaint to add Vehicle Code section 11713.3(l) to its Third Cause of Action. Defendant opposes on the ground that the Court dismissed the third claim for relief with prejudice. While the Court dismissed the 11713.3(g) claim with prejudice, Plaintiff might be able to state a claim under a different subsection of that statute. Accordingly, the Court will allow Star an opportunity to file a separate motion to amend the complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure ***no later than Monday, December 20, 2010.*** The

LINK: 22, 26

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 10-06077 GAF (MANx) | Date | December 8, 2010 |
|---|---|---|---|
| Title | Los Feliz Ford, Inc. v. Chrysler Group, LLC | | |

hearing on the motion should be set as required by the Local Rules.

### III. CONCLUSION

Based on the foregoing, the Court **DENIES** Star's motion for reconsideration and New Chrysler's motion to transfer venue. The hearing presently scheduled for **Monday, December 20, 2010, at 9:30 a.m. is hereby VACATED**.

**IT IS SO ORDERED.**