UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
EAGLE AUTO MALL CORP., TERRY
CHRYSLER JEEP, INC., JHS BUSINESS
ASSOCIATES INC. D/B/A/ CROSSROADS
SUPERSTORE, and WESTMINSTER
DODGE, INC.,

                                    MEMORANDUM AND ORDER

            Plaintiffs,                     CV 10-3876

      -against-                       (Wexler, J.)

CHRYSLER GROUP, LLC,

            Defendants.
----------------------------------------------------------X
APPEARANCES:

    BELLAVIA GENTILE & ASSOCIATES, LLP
    BY: LEONARD A. BELLAVIA, ESQ.
        STEVEN BLATT, ESQ.
    Attorneys for Plaintiffs
    200 Old Country Road Suite 400
    Mineola, New York 11501

    WILMER CUTLER PICKERING HALE & DORR LLP
    BY: GEORGE MYKULAK, ESQ.
        ROBERT D. CULTICE, ESQ.
    60 State Street
    Boston, MA 02109
    Attorneys for Defendant

    WILMER CUTLER PICKERING HALE & DORR LLP
    BY: NICOLE FEIT, ESQ.
        PETER J. MacDONALD, ESQ.
    399 Park Avenue
    New York, NY 10002

WEXLER, District Judge

This is an action brought to address, inter alia, the rights of owners of automobile dealerships terminated after the bankruptcy of Chrysler LLC, and certain of its subsidiaries and affiliates ("Old Chrysler"). Old Chrysler is the predecessor corporation to Defendant Chrysler Group, LLC. Plaintiffs are four separate automobile dealerships that challenge, primarily, the implementation by Defendant of their rights under the Section 747 of the Consolidated Appropriations Act of 2010 (the "Section 747" or the "Act").

Presently before the court is Defendants' motion to transfer this matter to the United States District Court for the Eastern District of Michigan. For the reasons set forth below, the motion is denied.

## BACKGROUND

I. The Parties, the Bankruptcy of Old Chrysler and the Rejection of Dealerships

Plaintiffs are Eagle Auto Mall Corp. ("Eagle"), Terry Chrysler Jeep, Inc. ("Terry"), JHS Business Associates, Inc, doing business as Crossroads Superstore ("Crossroads"), and Westminster Dodge, Inc. ("Westminster") (collectively "Plaintiffs" or the "Plaintiff Dealerships"). Plaintiffs Eagle and Terry are New York corporations that are located in the State of New York. Crossroads is an Oklahoma corporation located in Oklahoma, and Westminster is a Massachusetts corporation located in its state of incorporation.

On April 30, 2009, Old Chrysler (which is not a party hereto) filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Thereafter, with the approval of the bankruptcy court, Old Chrysler sold substantially all of its assets to an entity that

2

became Chrysler Group, LLC ("Chrysler Group"), the Defendant herein. Pursuant to its purchase of the assets of Old Chrysler, Chrysler Group agreed only to acceptance of approximately 2,400 of Old Chrysler's dealerships. This left 789 Chrysler dealership agreements which Old Chrysler sought permission of the bankruptcy court to reject. In June of 2009, the bankruptcy court approved rejection of the 789 dealerships. Shortly thereafter, the sale of the assets of Old Chrysler to Defendant became final. Plaintiffs here are four of the dealerships terminated pursuant to the asset sale.

II.     The Act

After the closing of the sale to Chrysler Group, Congress passed the Act. The Act gives terminated dealerships the right to seek continuation or reinstatement of their dealerships through a statutorily created binding arbitration procedure. See generally HR 3288-186 §747 (hereinafter cited as "§747"). Specifically, the Act gives dealerships terminated pursuant to Old Chrysler's bankruptcy, the right to binding arbitration to seek "continuation, or reinstatement of a franchise agreement or to be added as a franchisee to the dealer network [of Chrysler Group] in the geographical area where the [terminated dealership] was located when its franchise agreement was terminated." §747(2)(b). The terms of the Act gave terminated dealerships 40 days from its enactment in which to seek arbitration, and set limits on the time in which the arbitrator was required to decide whether to grant the request for reinstatement. See §747(2)(d). Under the Act, a prevailing dealership must be awarded the "customary and usual letter of intent to enter into a sales and service agreement." §747(d). This is the sole remedy provided for in the Act, which

states specifically that the arbitrator "shall not award compensatory, punitive or exemplary damages to any party." §747(e).

III.     The Plaintiff Dealerships and the Present Action

The four Plaintiff Dealerships were among those that sought reinstatement through arbitration. Three of the four, Plaintiffs Eagle, Terry and Westminster, prevailed at their arbitrations, and were offered letters of intent from Defendant. The fourth of the Plaintiff Dealerships, Crossroads, was offered a letter of intent without the necessity of arbitration.

Each of the Plaintiffs take the position that the letters of intent offered by Defendant are not the "customary and usual" documents required by the Act. Instead, they characterize the offers made by Defendant as "unreasonable and unconscionable," and offered only to those dealers who sought and won reinstatement through arbitration. Plaintiffs expressed their position to Defendant and, after the parties attempted, unsuccessfully, to negotiate mutually agreeable new letters of intent, Plaintiffs filed this action.

Plaintiffs' complaint sets forth five separate causes of action. The first cause of action seeks an order confirming the arbitration award, and a judgment in conformity therewith. The second claim alleges Defendant's violation of the Act. Plaintiffs' third cause of action seeks a declaratory judgment that Defendant has failed to offer Plaintiffs the customary and usual letter of intent as required by the Act. The fourth cause of action is for tortious interference with Plaintiffs' prospective business relations with its customers. Finally, Plaintiffs set forth a claim for breach of the covenants of good faith and fair dealing in connection with their terminated franchise agreements.

4

IV.     Other Dealer Lawsuits

Plaintiffs are not the only terminated dealerships unsatisfied with the letters of intent offered after prevailing in arbitration proceedings. Indeed, there are now pending several lawsuits, in different districts in the country, which also allege that Chrysler Group has failed in its obligation to provide dealerships with the statutorily required "customary and usual" letters of intent.

Of relevance to the present motion is the pendency of three civil actions in the Eastern District of Michigan. Those actions seek to litigate the lawfulness of letters of intent issued to previously terminated Chrysler dealerships that have prevailed in arbitrations commenced pursuant to the Act (the "Michigan Actions"). Two of the Michigan Actions were commenced by Chrysler Group and seek declaratory relief as to the propriety of their letters of intent. The third Michigan Action was commenced by a Michigan dealership that prevailed in a Section 747 arbitration but, like Plaintiffs here, is unsatisfied with Chrysler Group's proposed letter of intent.

V.      The Motion

The motion before the court seeks transfer of this case to the United States District Court for the Eastern District of Michigan. Defendant argues that transfer is appropriate because the earlier filed Michigan Actions raise identical issues to those raised here, and the proposed transferee forum is both proper and more convenient. Plaintiffs seek to preserve their choice of forum and therefore oppose the motion. After setting forth applicable legal principles, the court will turn to the merits of the motion.

DISCUSSION

I. Legal Principles

    A. Discretionary Transfer: General Considerations

Defendant seeks transfer of this matter pursuant to 28 U.S.C. § 1404(a) ("Section 1404(a)"). Section 1404(a) allows for transfer for the convenience of the witnesses or parties, and in the interests of justice. 28 U.S.C. §1404(a); see Myers v. Lennar Corp., 2010 WL 1992200 *1 (E.D.N.Y. 2010). The burden on such a motion is on the party seeking transfer. In re Hanger Orthopedic Group, Inc. Securities Litigation, 418 F. Supp.2d 164, 167-68 (E.D.N.Y. 2006); Longo v. Wal-Mart Stores, Inc., 79 F. Supp.2d 169, 170-71 (E.D.N.Y. 1999).

When determining whether transfer will serve the convenience of witnesses and parties, and is in the interests of justice, the court looks to several factors. Those factors include: (1) convenience of witnesses; (2) convenience of parties; (3) locus of operative facts; (4) availability of process to compel the attendance of unwilling witnesses; (5) location of relevant documents and other sources of proof; (6) relative means of the parties; (7) relative familiarity of the forum with the governing law; (8) weight accorded to the plaintiff's choice of forum, and (9) the interests of justice. See generally D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 106-07 (2d Cir. 2006); Vornado Realty Trust v. Marubeni Sustainable Energy, Inc., 2009 WL 3756633 *3 (E.D.N.Y. 2009); In re Hanger Orthopedic, 418 F. Supp.2d at 167-68; Longo, 79 F. Supp.2d at 171. This court has broad discretion in making its transfer determination and "notions of convenience and

6

fairness are considered on a case-by-case basis." D.H. Blair & Co., 462 F.3d at 107.

The court is mindful that Section 1404(a) protects those involved in litigation from needless inconvenience and costs. Castaneira v. Gannon, 1999 WL 1487630 *3 (E.D.N.Y. 1999). Nonetheless, deference is to be given to plaintiff's choice of forum, and transfer should be ordered only if the balance of conveniences weighs strongly in favor of the change of forum. See D.H. Blair & Co. ,462 F.3d at 107; Innovations Enterprises Ltd. v. Haas-Jordan Co., Inc., 2000 WL 263745 *2 (E.D.N.Y. Jan. 4, 2000). If transfer would merely shift the inconvenience from one party to the other, plaintiff's choice of forum will not to be disturbed. Innovations Enterprises, 2000 WL 263745 *2. See United States v. All Funds on Deposit, 319 F.Supp.2d 290, 293 (E.D.N.Y. 2004).

II.   Disposition of the Motion

As to the first factor to be considered with respect to Section 1404(a), the court notes that Plaintiffs could have filed this matter in the Eastern District of Michigan, the proposed transferee district, as jurisdiction over Chrysler Group could have been obtained there. Accordingly, this is a case that might have been brought in the proposed transferee district, and the initial prong of Section 1404(a) is satisfied. The court turns then to consider whether the factors to be weighed in connection with the requested transfer balance in favor of transfer.

At the outset, the court notes that Defendant makes much of the fact that the individually filed cases pending within the Eastern District of Michigan have recently been consolidated before a single judge in that district. Consolidation of related cases

7

within a district, which the Michigan court refers to as "companion" cases, does not, necessarily require a holding that transfer is appropriate pursuant to Section 1404(a). Instead, the decision of whether to transfer a matter to a different district is governed by the statutory criteria referred to above, and not those governing the issue of intra-district consolidation of cases for the convenience of courts located within a single district.

Turning to the relevant factors, the court holds that Defendant has not demonstrated that any of the factors identified above weigh in favor of transfer. With respect to witness convenience, Chrysler has failed to specify the location of witnesses who might be inconvenienced by a New York forum. Plaintiffs, on the other hand, have identified several witnesses located within the State of New York who would find New York to be a more accessible forum. As to the locus of operative facts, the court notes that two of the four Plaintiff Dealerships are New York residents, and facts surrounding their termination took place here, as well as, presumably, at Chrysler headquarters in Michigan. Accordingly, this factor does not weigh in favor of transfer. Similarly, there is no showing that the factor of access to documents weighs in favor of transfer. This is especially true as it is difficult for the court to envision a situation where there would not be easy electronic access to most documents.

As to the issue of governing law, the court holds that it is not at all clear that Michigan law will apply to the claims arising out of Section 747. When coupled with the fact that Plaintiffs also raise claims under New York state law, consideration of which law governs does not weigh in favor of transfer. Plaintiffs' choice of forum is, as noted,

8

entitled to great weight. While it is true that two of the Plaintiff Dealerships do not reside in the State of New York, their counsel is here, and they have chosen to litigate their claims here. Finally, the court cannot hold that the interests of justice weigh in favor of transfer. Ultimately, Defendant has shown nothing beyond the fact that Michigan law may apply to certain of the claims and that it would prefer to have cases raising similar issues decided in a single district where it is located. Such a showing falls short of that which is required to support an order of transfer. The motion to transfer this matter to the Eastern District of Michigan pursuant to Section 1404(a) is therefore denied. Accord Los Feliz Ford, Inc. v. Chrysler Group, LLP, No. 10-6077 (GAF) (C.D. Ca. December 8, 2010) (denying transfer of dealership action to Michigan); Quality Jeep Chrysler, Inc. v. Chrysler Group, LLC, No. 10-900 (PJK) (D. New Mexico November 16, 2010) (same).

## CONCLUSION

For the foregoing reasons, Defendant's motion to transfer is denied. The Clerk of the Court is directed to terminate the motion and the parties shall continue with discovery.

SO ORDERED

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Central Islip, New York
January 14, 2011