UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
EAGLE AUTO MALL CORP., TERRY CHRYSLER
JEEP, INC., JHS BUSINESS ASSOCIATES INC. D/B/A
CROSSROADS SUPERSTORE, and WESTMINSTER
DODGE, INC.

                                Plaintiffs,

        -against-

CHRYSLER GROUP, LLC,

                               Defendant.
----------------------------------------------------------------X

CIVIL ACTION NO.
2:10-CV-03876
(LDW)(ETB)

## MEMORANDUM OF LAW OF PLAINTIFFS PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE, RULES 16, 42(B) AND 57

                                BELLAVIA GENTILE & ASSOCIATES, LLP
                                Leonard A. Bellavia, Esq.
                                Steven H. Blatt, Esq.
                                200 Old Country Road
                                Mineola, New York 11501
                                516-873-3000


# **TABLE OF CONTENTS**

TABLE OF AUTHORITES ……………………………………………………....

PRELIMINARY STATEMENT…………………………………………….............1

CONVEINIENCE AND ECONOMY CALL FOR A SPEEDY AND SEPARATE TRIAL OF THE PARTIES' CLAIMS FOR DECLARATORY RELIEF………………1

    A. Plaintiffs Are Able To Demonstrate Their Emergency Need To A Speedy Trial With Respect To The Parties' Claims For Declaratory Relief…………..4

    B. The Plaintiffs' Declaratory Proceeding Involves Issues Whose Determination Could Promote the Resolution Of The Remaining Issues Between The Parties And Thereby Expedite The Resolution of the Entire Litigation And Thereby Substantially Promote Judicial Economy…………………………………….5

    C. The Issues to Be Separately and Speedily Determined By the Court Are Discrete Legal Issues, That are Common To Each of the Plaintiffs and Easily Severable From Their Other, Fact-Based, and Varying Individual Damages Claims………………………………………………………………….7

    D. Discovery Concerning The Interpretation Of The Act Would Be Very Limited And Can Be Accomplished In An Expedited Manner…………8

    E. Plaintiffs Seek a Scheduling Order That Would Imminently Calendar a Motion for Partial Summary Judgment Concerning the Parties' Claims for Declaratory Relief………………………………………………………..9

CONCLUSION …………………………………………………………………….10

# **TABLE OF AUTHORITIES**

**CASES:**

Aetna Casualty and Surety Co. v. Quarles,
92 F.2d 321 (4th Cir. 1937)..................................................................................2

Anderson v. Rochester Genesee Regional Transp. Authority,
337 F.3d 201 (2d Cir. 2003)..................................................................................7

Auburn Hous. Auth. v. Martinez,
277 F.3d 138, 143 (2d Cir. 2002)..........................................................................9

Bank of America Corporation v. Emert,
2010 WL 2595087 (S.D.N.Y. 2010)......................................................................4

Barnhart v. Sigmon Coal Co.,
534 U.S. 438, 450, 122 S.Ct. 941, 151 L.Ed.2d 908 (2002).............................8, 9

Beacon Const. Co, Inc. v. Matco Elec. Co., Inc.,
521 F.2d 392 (2d Cir. 1975)..................................................................................2

Buscemi v. Pepsico, Inc., 736 F.Supp.
1267 (S.D. N.Y. 1990) (Carter, J.).........................................................................2

Canada Life Assurance Co. v. Converium Ruckversicherung (Deutschland) AG,
335 F.3d 52, 57 (2d Cir. 2003)..............................................................................9

Carson v. City of Syracuse,
1993 WL 260276 at *2 (N.D.N.Y. 1993)...............................................................3

Central Hudson Gas & Electric Corporation v. Benjamin F. Shaw Company,
465 F.Supp. 331 (S.D.N.Y. 1978).........................................................................4

Compagnie Francaise D'Assurance Pour Le Commerce Exterieur v. Phillips Petroleum
Co., 105 F.R.D. 16 (S.D. N.Y. 1984) (Keenan, J.)..................................................2

Continental Casualty Co. v. Nat'l Household Distributors,
32 F. Supp. 849 (E.D.Wis. 1940)..........................................................................1

Dollar Systems, Inc. v. Avcar Leasing Systems, Inc.,
890 F.2d 165 (9th Cir. 1989).................................................................................7

Fairchild Stratos Corp. v. General Elec. Co.,
31 F.R.D. 301 (S.D.N.Y. 1962) (Feinberg, J.).......................................................2

Feldman v. CSX Transp. Inc,
31 A.D.3d 698, 821 N.Y.S.2d 85 (2d Dept. 2006)..............................................7

First Nat. Bank in Greenwich v. National Airlines, Inc.,
288 F.2d 621 (2d Cir. 1961).................................................................6

Franklin Music Co. v. ABC Inc.,
616 F.2d 528 (3rd Cir. 1979)................................................................6

GEM Acquisitionco, LLC v. Sorenson Group Holdings, LLC,
2009 WL 3246747 (N.D.Cal. 2009)..........................................................2

Guidi v. Inter-Continental Hotels Corp.,
2003 WL 1846864 (S.D.N.Y. 2003) (Preska, J.)..............................................6

Haitian Centers Council, Inc. v. McNary,
144 F.R.D. 191 (E.D.N.Y. 1992)............................................................7

In re Air Crash Disaster,
86 F.3d 498, 516 (6th Cir, 1996)..........................................................10

In re Master Key Antitrust Litigation,
528 F.2d 5 (2d Cir. 1975)..................................................................6

Katsaros v. Cody,
744 F.2d 270 (2d Cir. 1984)..............................................................6, 8

Lamie v. United States Tr.,
540 U.S. 526, 534, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004)................................9

Landis v. North A. Co.,
299 U.S. 248, 254 (1936).................................................................10

LoCicero v. Humble Oil & Refining Co.,
52 F.R.D. 28, 30 (E.D. La. 1971).......................................................6, 8

Lugando v. Grinker,
8 F.3d 948 (2d Cir. 1993).................................................................7

MacAlister v. Guterma,
263 F.2d 65 (2d Cir. 1958................................................................10

Michael Rose Productions, Inc. v. Loew's, Inc.,
19 F.R.D. 508 (SD NY 1956) (Herland, J.)..................................................6

Molinaro v. Watkins-Johnson CEI Division,
60 F.R.D. 410, 413 (D. Md. 1973).............................................................................2

Phillips v. City of New York,
2009 WL 3523528 (E.D.N.Y. 2008).........................................................................3

Reading Industries, Inc. v. Kennecott Copper Corp.,
61 F.R.D. 662 (S.D.N.Y. 1974) (Lasker, J.)..............................................................3

Rechler Partnership v. Resolution Trust Company,
1990 WL 711357 (D.N.J. 1990)................................................................................2

Rush v. Oppenheimer & Co., Inc.,
650 F. Supp. 682 (S.D .N.Y. 1986) (Sweet, J.).........................................................2

Shepard v. International Business Machines Corp.,
45 F.R.D. 536 (S.D.N.Y. 1968) (MacMahon, J.)......................................................6

Sierra Rutile Ltd. v. Katx,
937 F.2d 743 (2d Cir. 1991)....................................................................................10

Sound Video Unlimited, Inc. v. Video Shack Inc.,
700 F.Supp. 127 (S.D.N.Y. 1988) (Goettel, J.).........................................................3

The Universal Church v. Geltzer,
463 F.3d 218 (2d Cir. 2006)......................................................................................8

Tri-State Generaltion and Transmission Association, Inc. v. BNSF Railway Company.
2008 WL 2465407 (D.Ariz. 2008).......................................................................3, 4

U.S. v. AT&T Co.,
83 F.R.D. 323, 335 (D.D.C. 1979)............................................................................2

U.S. v. International Business Machines Corp.,
60 F.R.D. 654 (S.D.N.Y. 1973) (Edelstein, C.J.)......................................................3

U.S. v. Mitchell,
328 F.3d 77 (2d Cir. 2003)........................................................................................7

United States v. Pacheco,
225 F.2d 148, 153 (2d Cir. 2000)..............................................................................7

U.S. v. Stein, 452 F. Supp.2d 230, 270-271 (S.D.N.Y. 2006)
486 F.3d 753 (2d Cir. 2007).................................................................................1, 2

Xerox Corp. v. Nashua Corp.,
57 F.R.D. 25 (S.D.N.Y. 1972).................................................................3

**STATUTES:**

Federal Rules of Civil Procedure Rule 16 ................................................10

Federal Rules of Civil Procedure Rule 42(b)...........................................2, 3, 5, 6

Federal Rules of Civil Procedure Rule 57................................................1, 3

Section 747 of the Consolidated Appropriations Act of 2010..............1, 3, 4, 7, 8, 9, 10

PRELIMINARY STATEMENT

This memorandum of law is respectfully submitted on behalf of plaintiffs Eagle Auto Mall Corp. ("Eagle"), Terry Chrysler Jeep, Inc. ("Terry"), JHS Business Associates Inc. d/b/a Crossroads Superstore ("Crossroads Superstore") and Westminster Dodge, Inc. ("Westminster") (collectively, the "Plaintiffs") in support of their motion, pursuant to the Federal Rules of Civil Procedure, Rules 16, 42(b) and 57, for an order: (a) severing and/or bifurcating the parties' claims seeking declaratory relief (i.e., Plaintiff's Third Claim for Relief and that portion of Chrysler's Counterclaim that seeks a declaration that it has complied with Section 747 of the Consolidated Appropriations Act of 2010 by providing Plaintiffs with a customary and usual letter of intent to enter into a sales and service agreement); and (b) setting forth an expedited briefing schedule for the filing of summary judgment motions by the parties so that these limited issues can be resolved expeditiously and economically.[1]

## CONVENIENCE AND ECONOMY CALL FOR A SPEEDY AND SEPARATE TRIAL OF THE PARTIES' CLAIMS FOR DECLARATORY RELIEF

Federal Rule of Civil Procedure Rule 57 expressly provides, in relevant part, that "...[t]he court may order a speedy hearing of a declaratory-judgment action." The court, in the exercise of its discretion, may order a speedy hearing in an action for a declaratory judgment and may give a preference to the hearing on the trial calendar if any party requests such an expedited hearing.[2] District Courts have discretion to hold prompt hearings or trials in declaratory judgment cases, as indeed they do in all other cases, regardless of whether the facts are mostly disputed. The question in every case instead is whether a prompt resolution may be reached, consistent with the interests of

---

[1] The facts referenced herein are more fully set forth in the accompanying declaration of Leonard A. Bellavia, Esq. dated January 24, 2011.

[2] Specifically, factors that the courts consider in deciding whether to grant a speedy hearing are, *inter alia*: a) the declaratory proceeding involves issues that are conducive to "prompt resolution...consistent with the interests of justice and the rights of all parties to due process of law"; b) the declaratory judgment claim does not involve difficult or complex issues; c) the declaratory judgment claim is discrete and does not significantly overlap with the other claims; c) extensive discovery is not required; d) an early hearing on the declaratory judgment claim could resolve the other claims between the parties and could thereby expedite the litigation and promote judicial economy; e) without a speedy hearing on the dispositive declaratory judgment claim, the plaintiffs will be prejudiced by having to spend time, resources, and money on other issues that could have been resolved by a quick determination of the declaratory judgment claim. See *U.S. v. Stein*, 452 F. Supp.2d 230, 270-271 (S.D.N.Y. 2006), *vacated on other grnds*, 486 F.3d 753 (2d Cir. 2007); *Continental Casualty Co. v. Nat'l Household Distributors*, 32 F. Supp. 849 (E.D.Wis. 1940) (Plaintiff's motion for a speedy hearing granted). *See also* 1937 Advisory Committee Notes on FRCP 57("A declaratory judgment is appropriate when it will 'terminate the controversy' giving rise on undisputed or relatively undisputed facts, it operates frequently as a summary proceeding, justifying docketing the case for early hearing on a motion....").

1

justice and the rights of all parties consistent with interests of justice and the rights of all parties to due process of law, not some tallying of the number and nature of any disputed issues of fact or law. *U.S. v. Stein*, 452 F. Supp.2d 230, 270-271 (S.D.N.Y. 2006), *vacated on other grnds*, 486 F.3d 753 (2d Cir. 2007).[3] Indeed, in *Beacon Const. Co, Inc. v. Matco Elec. Co., Inc.*, 521 F.2d 392 (2d Cir. 1975), the Second Circuit delineated the purpose of a declaratory judgment action as follows:

> The statute providing for a declaratory judgment meets a real need and should be liberally construed to accomplish the purpose intended, i.e., to afford **a speedy and inexpensive method of adjudicating legal disputes without invoking the coercive remedies of the old procedures**, and to settle legal rights and remove uncertainty and insecurity from legal relationships without awaiting a violation of the rights or a disturbance of the relationships.

*Citing, Aetna Casualty and Surety Co. v. Quarles*, 92 F.2d 321 (4th Cir. 1937).

Furthermore, FRCP 42(b) provides as follows:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial or one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.[4]

In deciding whether to exercise its discretion to grant a motion for a separate trial, the District Court will consider and balance a number of factors pertaining to expeditiousness of the trial, judicial economy, convenience of the parties and witnesses, and the fair and impartial administration of justice. Significantly, the factors that the courts consider in deciding whether to

---

[3] *See also; GEM Acquisitionco, LLC v. Sorenson Group Holdings, LLC*, 2009 WL 3246747 (N.D.Cal. 2009) (A District Court may schedule a prompt hearing to adjudicate a declaratory judgment claim if a prompt resolution may reached, consistent with the interests of justice and the rights of the parties"); *Rechler Partnership v. Resolution Trust Company*, 1990 WL 711357 (D.N.J. 1990) (Rule 57 is specifically designed to afford a speedy and inexpensive method of adjudicating legal disputes, to settle rights and remove uncertainty and insecurity from legal relationships).

[4] The motion for a separate trial should be made before or at the pretrial conference. See *Fairchild Stratos Corp. v. General Elec. Co.*, 31 F.R.D. 301 (S.D.N.Y. 1962) (Feinberg, J.).[4] The Advisory Committee Notes accompanying the 1966 Amendment of Rule 42(b) state that "[w]hile separation of issues for trial is not to be routinely ordered, it is important that it be encouraged where experience has demonstrated its worth." The objectives of Rule 42(b) are to avoid delay and prejudice, reduce the time and expenses of the parties and the court, promote justice, and further convenience. See *U.S. v. AT&T Co.*, 83 F.R.D. 323, 335 (D.D.C. 1979); *Molinaro v. Watkins-Johnson CEI Division*, 60 F.R.D. 410, 413 (D. Md. 1973). Accordingly, a Rule 42(b) motion will generally be granted when it is clearly demonstrated that a separate trial would promote judicial economy and convenience, or is necessary to avoid prejudice. See *Buscemi v. Pepsico, Inc.*, 736 F.Supp. 1267 (S.D.N.Y. 1990) (Carter, J.); *Rush v. Oppenheimer & Co., Inc.*, 650 F. Supp. 682 (S.D.N.Y. 1986) (Sweet, J.); *Compagnie Francaise D'Assurance Pour Le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16 (S.D.N.Y. 1984) (Keenan, J.).

2

grant a speedy hearing, pursuant to Rule 57, are substantially similar to the factors the courts consider in deciding whether to grant motion for a separate or bifurcated trial under Rule 42(b).[5] Here, as shown below, Plaintiffs are able to demonstrate their emergency entitlement to both a separate and speedy trial with respect to the Parties' Claims for Declaratory Relief. Specifically, a speedy determination with respect to the Parties' Claims for Declaratory Relief would advance the primary remedial purpose of the Act (*i.e.*, to give the automobile dealers who were terminated in Chrysler and General Motors' bankruptcy proceedings, a fair and reasonable opportunity of **quickly getting back into business**). Furthermore, as shown herein below, Plaintiffs will be greatly prejudiced by a long and protracted trial while Chrysler will not be prejudiced by a speedy determination. Additional factors strongly favoring the requested speedy and separate determination are: (a) the interpretation of the Act is primarily a legal question that can be tried by the court via summary judgment motions filed by the parties, (b) discovery concerning the interpretation of the Act would be very limited and can be accomplished in an expedited manner, (c) the legal questions and proof (witnesses and documentary evidence) relevant to the Court's interpretation of the Act are sufficiently different from and unrelated to the factual questions and proof (witnesses and documentary evidence) relevant to the Plaintiffs' varying and individual damage claims, (d) bifurcation and/or severance of these limited issues would facilitate the resolution of the entire litigation because the parties remaining claims rise and fall based upon this Court's interpretation of the Act. *See Tri-State Generaltion and Transmission Association, Inc. v. BNSF Railway Company*,

---

[5] These factors include, but are not limited to: (1) whether there is a significant difference between the issue(s) to be tried separately and the other claims; (2) whether resolution of the issue(s) could simplify or dispose of a case; (3) whether the issues are triable to the court or before a jury; (4) whether discovery as to the respective issues suggests that they should be tried separately; (5) whether the issues will require the production of different witnesses or physical evidence; and (6) whether the non-moving party will be prejudiced if the motion is granted. See *Sound Video Unlimited, Inc. v. Video Shack Inc.*, 700 F.Supp. 127 (S.D.N.Y. 1988) (Goettel, J.); *Reading Industries, Inc. v. Kennecott Copper Corp.*, 61 F.R.D. 662 (S.D.N.Y. 1974) (Lasker, J.). These factors do not represent a rigid test for determining whether separate trials are necessary; to the contrary, the court could order bifurcation upon a showing of merely one of these factors. *Phillips v. City of New York*, 2009 WL 3523528 (E.D.N.Y. 2008); citing *Carson v. City of Syracuse*, 1993 WL 260276 at *2 (N.D.N.Y. 1993). See *U.S. v. International Business Machines Corp.*, 60 F.R.D. 654 (S.D.N.Y. 1973) (Edelstein, C.J.) (Only one factor has to be satisfied for the court to order a separate trial under Federal Rule of Civil Procedure Rule 42(b)). *See also Xerox Corp. v. Nashua Corp.*, 57 F.R.D. 25 (S.D.N.Y. 1972) (Following factors to be considered by a court in determining whether to order separate trials: (1) Is the issue to be tried first significantly different than that which will be held in abeyance? (2) Will the separate issues require the testimony of different witnesses and documentary proof? (3) Are the issues triable by jury or by court or one by jury and the other by court? (4) Does the posture of discovery as to the respective issues suggest that they should or should not be tried together? (5) Will the party opposing the severance be prejudiced it if is granted? 57 F.R.D. at 26.

2008 WL 2465407 (D.Ariz. 2008) (Court agreed with plaintiffs that issues appeared to be fairly straight forward and the resolution of declaratory judgment claim was likely to be dispositive of the law suit). As such, Plaintiffs' motion should be granted in its entirety.

## A. Plaintiffs Are Able To Demonstrate Their Emergency Need To A Speedy Trial With Respect To The Parties' Claims For Declaratory Relief

It is respectfully submitted that the Chrysler will not be prejudiced if the within motion were to be granted. In fact, the early resolution of the issues raised by the Parties' Claims for Declaratory Relief could resolve most, if not all, of the remaining issues raised by the parties and, depending on the outcome, could promote the expeditious settlement of and/or termination of the entire action.[6] In contrast, without the requested speedy hearing, the Plaintiffs will be prejudiced by having to spend time, resources, and money on other issues that could otherwise be resolved by a quick determination of their declaratory judgment claims. Again, if the Court should adopt Chrysler's view of the Act, then most, if not all, of Plaintiffs' other claims seemingly fall. In contrast, if the Court should adopt Plaintiff's interpretation of the Act, the Court can direct the speedy reinstatement of the Plaintiffs' to the Chrysler dealer network as envisioned by the Act and Chrysler cam thereafter obtain discovery from Plaintiffs with respect to their damage claims.

Importantly, the most significant reason for the passage of the Act was the recognition of the fact that many dealerships should not have been shut down. As such, the primary remedial purpose of the Act was to give the automobile dealers who were terminated in Chrysler and General Motors' bankruptcy proceedings, a fair and reasonable opportunity of quickly getting back into business. *See* Exhibit B, Congressional Record House of Representatives December 10, 2009, Page H14477. As such, if the Court should adopt Plaintiff's interpretation of the Act, the Court can direct the speedy reinstatement of the Plaintiffs' to the Chrysler dealer network as envisioned by the Act.

---

[6] *See Central Hudson Gas & Electric Corporation v. Benjamin F. Shaw Company*, 465 F.Supp. 331 (S.D.N.Y. 1978) (Declaratory judgment is a discretionary remedy created by statute that is to be liberally construed to accomplish the purpose intended – **to afford a speedy and inexpensive method of adjudicating legal disputes**) (emphasis added); *Bank of America Corporation v. Emert*, 2010 WL 2595087 (S.D.N.Y. 2010) (The Second Circuit "liberally construes" the Declaratory Judgment Act - to be liberally construed to accomplish the purpose intended – **to afford a speedy and inexpensive method of adjudicating legal disputes**) (emphasis added).

4

While Chrysler will certainly not be prejudiced if the Plaintiffs' motion were to be granted, it will, without doubt, oppose the motion because it is certainly Chrysler's intention to prolong the within action and thereby prejudice Plaintiffs by further frustrating and delaying their opportunity for reinstatement to the Chrysler dealer network. The only conclusion to be reached by Chrysler's actions is that its Letter of Intent was drafted solely to defeat the reinstatement of Plaintiffs to the Chrysler dealer network and the prolonging of this litigation enhances Chrysler's improper and illegal goals. Plaintiffs are financially worse off as they are (a) losing sales and service profits every single additional day that they are precluded from selling and servicing Chrysler and Jeep vehicles, and (b) on a daily basis, forced to incur the expense of carrying facilities and properties formerly utilized for their Chrysler dealerships. Plaintiffs are, literally in limbo while they are simultaneously suffering diminished good will to their businesses as their customer lists have been given away by Chrysler. Chrysler is attempting to "starve" and outlast the dealers that won their reinstatement arbitrations. It figures that the longer it can delay the reinstatement of Plaintiffs' dealerships, the better chance it has that Plaintiffs will no longer be able to both prosecute the within action or afford to carry the facilities and properties formerly utilized as our Chrysler dealership facility. It can plainly be discerned that Chrysler's unreasonable Letter of Intent is part of Chrysler's larger scheme to impede or defeat the rights of dealers that were successful in their dealer reinstatement arbitrations as against Chrysler and a protracted and expensive litigation only harms the Plaintiffs' ability to be reinstated.

**B. The Plaintiffs' Declaratory Proceeding Involves Issues Whose Determination Could Promote the Resolution Of The Remaining Issues Between The Parties And Thereby Expedite The Resolution of the Entire Litigation And Thereby <u>Substantially Promote Judicial Economy</u>**

Because Federal Rule of Civil Procedure Rule 42(b) requires the District Court to evaluate factors of expedition, economy, convenience, and avoidance of prejudice, the decision to order a separate trial depends on the particular facts and circumstances of each case. In this regard, motions

5

asking that the issue of liability be tried before the issue of damages are frequently granted.[7]

Here, the crux of Plaintiff's complaint is delineated in Plaintiffs' Third Claim for Relief which seeks a declaratory judgment that Chrysler violated the Act by demanding that each Plaintiff execute a "Letter of Intent" that includes numerous new and onerous criteria that never pertained to Plaintiffs' franchises prior to their termination in Chrysler's bankruptcy. Chrysler has answered Plaintiffs' Complaint and asserted a singular Counterclaim seeking a declaration that, in essence, is the mirror image of Plaintiff's Third Claim. Specifically, Chrysler, in relevant part, seeks a declaration from the Court that it has complied with the Act by providing Plaintiffs with a customary and usual letter of intent to enter into a sales and service agreement. Importantly, each of the Plaintiffs' remaining claims (as well as the remaining ancillary declaratory relief requested by Chrysler in its Counterclaim[8]) rises and falls on this Court's determination of the Parties Claims for Declaratory Relief. As such, this Court's determination of these key issues in a separate and speedy trial could resolve most, if not all, of the remaining claims and, depending on the outcome, could promote the expeditious settlement of and/or termination of the entire action.

Indeed, if the Court somehow adopts Chrysler's interpretation of the Act, and its contention that it has not violated the Act, Plaintiff's remaining claims may be quickly and easily disposed of.[9]

---

[7] *See Katsaros v. Cody*, 744 F.2d 270 (2d Cir. 1984) (The decision to bifurcate a trial into liability and damages phases is "firmly within the discretion of the trial court under Fed.R.Civ.P. 42(b)"). *See Franklin Music Co. v. ABC Inc.*, 616 F.2d 528 (3rd Cir. 1979); *Katsaros v. Cody*, 744 F.2d 270 (2d Cir. 1984); *In re Master Key Antitrust Litigation*, 528 F.2d 5 (2d Cir. 1975); *Guidi v. Inter-Continental Hotels Corp.*, 2003 WL 1846864 (S.D.N.Y. 2003) (Preska, J.); *Shepard v. International Business Machines Corp.*, 45 F.R.D. 536 (S.D.N.Y. 1968) (MacMahon, J.). One court, citing legal commentators, has stated: "If a separate trial of part of the issues may make unnecessary the trial of other issues it is only reasonable to follow the course which saves the time of the court and reduces the expenses of the parties." *LoCicero v. Humble Oil & Refining Co.*, 52 F.R.D. 28, 30 (E.D. La. 1971), *citing* Barron & Holtzoff (Wright edition) Volume 2B, sec. 943.

[8] A Federal Rule of Civil Procedure Rule 42(b) motion is also used to obtain a separate trial on certain affirmative defenses. Such a trial is especially helpful when a defense verdict at trial on the affirmative defense could result in summary judgment or dismissal of the remainder of the action. See *First Nat. Bank in Greenwich v. National Airlines, Inc.*, 288 F.2d 621 (2d Cir. 1961) (issue of jurisdiction tried first); *Michael Rose Productions, Inc. v. Loew's, Inc.*, 19 F.R.D. 508 (SD NY 1956) (Herland, J.) (issue of validity of release tried first). Here, if the Court adopts Plaintiffs' interpretation of the Act, and their contention that Chrysler has violated the Act, it is respectfully submitted that the ancillary declaratory relief requested by Chrysler in its Counterclaim falls by the wayside.

[9] As an example, if the Court somehow adopts Chrysler's interpretation of the Act, and its contention that it has not violated the Act then (a) Plaintiffs cannot be found to argue that they should be reinstated to the Chrysler dealer network upon the same terms and conditions that existed prior to Old Chrysler's bankruptcy proceeding (part of Plaintiff's First Claim for Relief), (b) Plaintiffs cannot demonstrate that they have somehow been damaged by Chrysler's actions in demanding that, as a condition to their reinstatement, they sign the Letter of Intent "as is" (Plaintiffs' Second and Fourth Claims for Relief).

6

In contrast, if the Court adopts Plaintiffs' interpretation of the Act, and their contention that Chrysler has violated the Act, it is respectfully submitted that (a) the ancillary declaratory relief requested by Chrysler in its Counterclaim falls by the wayside, (b) Chrysler cannot be found to argue that that it should be awarded "[a] declaration that Chrysler has complied at all times with the Act" (Bellavia Decl., Exhibit H, page 37, para. 5), and (c) the remaining severable, distinct fact-based, varying, individual damages claims raised by Plaintiffs in their Complaint (i.e., Plaintiffs' Second and Fourth Claims for Relief) can be subsequently and separately tried by this Court. In sum, as a speedy and separate resolution of these limited issues would simplify or perhaps even dispose of this matter, Plaintiffs' motion should be granted in its entirety.

### C. The Issues to Be Separately and Speedily Determined By the Court Are Discrete Legal Issues, That are Common To Each of the Plaintiffs and Easily Severable From Their Other, Fact-Based, and Varying Individual Damages Claims

Courts are also amenable to bifurcating where there is a strictly legal question that can be tried to the court (*Haitian Centers Council, Inc. v. McNary*, 144 F.R.D. 191 (E.D.N.Y. 1992)) or where there are legal and equitable claims that can be severed. *See Dollar Systems, Inc. v. Avcar Leasing Systems, Inc.*, 890 F.2d 165 (9th Cir. 1989) (district court acted within its authority in bifurcating legal and equitable claims involved in franchise dispute and in trying franchisee's equitable claims for rescission to the court). Here, the issues raised in the Parties' Claims for Declaratory Relief are strictly legal in character[10] and therefore limited to the Court's statutory interpretation of the Act and a concomitant determination as to whether Chrysler has complied with or violated the Act. Indeed, a resolution of these issues would concern no factual dispute and present only a legal issue of statutory interpretation. *See Lugando v. Grinker*, 8 F.3d 948 (2d Cir. 1993). These important claims, from which all the other claims asserted by the parties rise and fall, merely require a purely legal interpretation by this Court of the meaning of the Act and a determination whether Chrysler was permitted, under the Act, to include in its Letters of Intent,

---

[10] The proper interpretation of a statute is a legal question. *U.S. v. Micthell*, 328 F.3d 77 (2d Cir. 2003); citing United States v. Pacheco, 225 F.2d 148, 153 (2d Cir. 2000). *See Feldman v. CSX Transp. Inc*, 31 A.D.3d 698, 821 N.Y.S.2d 85 (2d Dept. 2006) ("The interpretation of a federal regulation is an issue of law not fact."); *Anderson v. Rochester Genesee Regional Transp. Authority*, 337 F.3d 201 (2d Cir. 2003) ("the meaning of the relevant ADA provisions and DOT regulations are questions of law.").

7

numerous new criteria that never pertained to Plaintiffs' franchises prior to their termination in Chrysler's bankruptcy proceeding. Furthermore, these discrete issues are common to all of the Plaintiffs. In contrast, even if these limited issues would involve questions of fact to be tried by a jury (which they do not), bifurcation would facilitate the litigation because the legal questions and proof (witnesses and documentary evidence) relevant to the Court's interpretation of the Act (*i.e.*, **the express language of the Act, the legislative history of the Act, affidavits or testimony from the Congressional proponents and drafters of the Act as to its meaning and purpose**) are sufficiently different from and unrelated to the factual questions and proof (witnesses and documentary evidence) relevant to the varying, individual damages claims asserted by Plaintiffs (*i.e.*, Plaintiffs' Second and Fourth Claims for Relief – discovery concerning the lost profits incurred by each of the Plaintiffs stemming from the illegal delay in getting reinstated to Chrysler's dealer network). *See Katsaros v. Cody*, 744 F.2d 270 (2d Cir. 1984) ("Bifurcation of the trial in the present case was reasonable because the two phases involved different types of evidence."); *LoCicero v. Humble Oil & Refining Company*, 52 F.R.D. 28 (E.D.La. 1971) (Separate trials would be granted in relation to issues of liability and damages in antitrust case where separation of damages issue promised convenience and potential economy).[11]

### D. Discovery Concerning The Interpretation Of The Act Would Be Very Limited And Can Be Accomplished In An Expedited Manner

As stated above, the resolution of the Parties' Claims for Declaratory Relief would require the Court's interpretation of the Act and the concomitant determination whether Chrysler violated the Act. In this respect, statutory interpretation always begins with the plain language of the statute, assuming the statute is unambiguous, and, where the plain language of the statute is ambiguous or would lead to an absurd result, the Court may look to the legislative history to determine legislative intent. *The Universal Church v. Geltzer*, 463 F.3d 218 (2d Cir. 2006), *citing Barnhart v. Sigmon*

---

[11] Further factors supporting both a separate and speedy trial of these issues are that (a) bifurcation of these limited issues would reduce the time, expense, and burden of preparing for trial on all of the other claims and damages and (b) reduce any possible prejudice to the Defendant in having damage claims considered with liability issues.

*Coal Co.*, 534 U.S. 438, 450, 122 S.Ct. 941, 151 L.Ed.2d 908 (2002); *Auburn Hous. Auth. V. Martinez*, 277 F.3d 138, 143 (2d Cir. 2002); *Lamie v. United States Tr.*, 540 U.S. 526, 534, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004); *Canada Life Assurance Co. v. Converium Ruckversicherung (Deutschland) AG*, 335 F.3d 52, 57 (2d Cir. 2003). Based upon the above well settled law, it is anticipated that Plaintiffs will need only certain limited discovery to prosecute its Third Claim for Relief and defend against that portion of Chrysler's Counterclaim alleging that Chrysler's Letter of Intent did not violate the Act (i.e, the express language of the Act, the legislative history of the Act, affidavits or testimony from the Congressional proponents and drafters of the Act as to its meaning and purpose). Additional discovery that will be sought by Plaintiffs would be limited to: (a) the depositions of certain key representatives who will be identified by Chrysler as being responsible for the promulgation and issuance of its "Letters of Intent," (b) certain documentation from Chrysler as to the Sales and Services Agreements assumed by Chrysler in its bankruptcy proceeding to discern whether such dealers were subject to similar conditions as those demanded by Chrysler to be satisfied by Plaintiffs as a condition to their reinstatement, (c) certain documentation from Chrysler as to the Sales and Services Agreements issued by Chrysler to new dealers (*i.e.*, new points or purchasers of existing dealerships) after its bankruptcy proceedings to discern whether such dealers were subject to similar conditions as those demanded by Chrysler to be satisfied by Plaintiffs as a condition to their reinstatement, and (d) perhaps a deposition and report of any expert that may be identified by Chrysler. **It is also anticipated that the Plaintiff can complete the above-listed discovery by early to mid March.**[12]

### E. Plaintiffs Seek a Scheduling Order That Would Imminently Calendar a Motion for Partial Summary Judgment Concerning the Parties' Claims for Declaratory Relief

With this motion, Plaintiffs also seek the scheduling of a motion for partial summary judgment for the purpose of expediting the disposition of this action; establishing early and

---

[12] In contrast, and as stated above, it is respectfully submitted that the factual proof (witnesses and documentary evidence) relevant to the varying, individual damages claims asserted by Plaintiffs in their other claims for relief would be vastly different. Indeed, in the event that the Court would determine that Chrysler violated the Act, and that Plaintiffs are entitled to damages from Chrysler as a result of its wrong doing, Chrysler would certainly be entitled to factual discovery as to the damages claimed by Plaintiff.

9

continuing control management of the matter; discouraging wasteful pretrial activities; and possibly facilitating settlement. In particular, and as stated above, Plaintiffs seek to have this Court resolve limited key and purely legal issues at the outset of this case in advance of costly discovery related to peripheral issues. Specifically, Plaintiffs seeks to have this Court perform the purely legal function of interpreting the Act and determinate whether Chrysler was permitted, under the Act, to include in its Letters of Intent, numerous new criteria that never pertained to Plaintiffs' franchises prior to their termination in Chrysler's bankruptcy proceeding. These discrete issues are common to all of the Plaintiffs and an early determination of these issues will be beneficial to all parties, by, at a minimum, expediting the disposition of this action, minimizing the burden and expense to the parties; maximizing the efficient use of judicial resources, and possibly facilitating settlement.[13] Specifically, the imminent scheduling of the requested summary judgment motion will benefit the Court and the parties in this case by providing for an efficient and expeditious disposition of the Parties' Claims for Declaratory Relief. Indeed, the above-referenced threshold legal issue of whether Chrysler violated the Act lies at the heart of the parties' disputes such that an adjudication of this issue will likely posture this case for easy resolution one way or the other. Accordingly, Plaintiffs respectfully propose that (a) they be permitted to file a summary judgment motion by March 14, 2011, (b) Chrysler be permitted to file opposition papers by March 28 and (c) Plaintiff be permitted to file reply papers in further support of its summary judgment motion by April 8, 2011.

## CONCLUSION

For the all foregoing reasons, Plaintiffs respectfully request that this Court grant Plaintiffs' motion in its entirety.

---

[13] As long recognized by the United States Supreme Court, district courts have inherent power to "control the disposition of causes on [their] docket with economy of time and effort for [themselves,] for counsel and litigants." *Landis v. North A. Co., 299 U.S. 248, 254 (1936); MacAlister v. Guterma, 263 F.2d 65 (2d Cir. 1958; Sierra Rutile Ltd. v. Katx, 937 F.2d 743 (2d Cir. 1991).* See also Fed. R. Civ. P. 16 (Mandating an active role by the federal judiciary in case management prior to trial). Indeed, "[m]atters of docket control and conduct of discovery are committed to the sound discretion of the district court. [An appellate] court will not interfere with a trial court's control of its docket except upon the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant." *In re Air Crash Disaster*, 86 F.3d 498, 516 (6th Cir, 1996).

10

Dated: Mineola, New York
January 24, 2011

        BELLAVIA GENTILE & ASSOCIATES, LLP

        */s/ Steven Blatt*
        BY: Steven Blatt, Esq. (SB 6792)
        Attorneys for Plaintiffs
        200 Old Country Road
        Suite 400
        Mineola, NY 11501
        (516) 873-3000