Exhibit E

# BELLAVIA GENTILE
## &
## ASSOCIATES, LLP
A T T O R N E Y S   A T   L A W

200 OLD COUNTRY ROAD • SUITE 400
MINEOLA, NEW YORK 11501
www.DealerLaw.com

TELEPHONE 516-873-3000
FACSIMILE 516-873-9032
March 3, 2011

LEONARD A. BELLAVIA
JOHN G. GENTILE

STEVEN H. BLATT
WARREN S. DANK△○
WILLIAM R. BRUNNER†
MICHAEL S. CIACCIO
MATTHEW DAVID BROZIK△
BARRY M. WEISS

△ Also admitted in New Jersey
○ Also admitted in Connecticut
† Admitted only in New Jersey

Counsel

KENNETH F. McCALLION
THOMAS A. HOLMAN
KEVIN MALDONADO
MARK W. GAFFNEY
JANE K. CRISTAL
PETER D. BARON
GAIL M. BLASIE

George Mykulak, Esq. (Via Email)
WilmerHale
60 State Street
Boston, MA 02109 USA

> Re:     Eagle et. al. v. Chrysler Group LLC
>         CV 2:10-CV-03876

Dear Mr. Mykulak:

I am taking the opportunity to respond to your email of March 1, 2011 concerning the objections raised by defendant Chrysler Group LLC ("Chrysler" or "Defendant") to plaintiffs (collectively, the "Plaintiffs") first document demand dated January 14, 2011 ("Plaintiffs' Document Demand") and to Plaintiffs' Rule 30(B)(6) Deposition Notice and (b) address Chrysler's proposed Stipulation and Protective Order.

Protective Order/Confidentiality Agreement

It is clear that the parties cannot agree on a form Protective Order. In an attempt to avoid any additional delays to Chrysler's production of documents in response to Plaintiffs' Document Demand, I have attached a form of Protective Order utilized by Magistrate Boyle. I left a voice mail for Lisa Lundy (from Magistrate Boyle's Court Staff) and requested a form of Protective Order utilized by the Court and was emailed the attached form. A copy of her email is attached hereto. This form is acceptable to Plaintiffs and, respectfully, Chrysler cannot be found to argue that the Court's own form of Protective Order is "unwieldy," will "cause delays in production" or fail to "provide [Chrysler] with the necessary protections under the circumstances."

George Mykulak, Esq.
March 3, 2011
Page 2


Chrysler's Designation of Witness and Objection to
Plaintiff's Rule 30(B)(6)n deposition Notice

Conditioned upon Chrysler's production of documents responsive to Plaintiffs' Document Demand, Plaintiffs agree to the taking of Mr. Tangeman's deposition in Boston in early April.[1]


Defendant's Responses and Objections to Plaintiffs'
Document Demand ("Defendant's Response")

As set forth in my prior correspondence, although Defendant has objected to each and every request contained in Plaintiffs' Document Demand, with respect to Document Requests #s 1 through 5, 7, 8, 10, 11, and 18 through 24, Defendant's Response provides that "it will produce relevant, non-privileged documents in its possession, custody or control that are responsive to this request." Neither our recent telephone conversation nor your March 1, 2011 email made clear whether Defendant will be producing documents responsive to the above requests. Please confirm this fact as soon as possible.

Requests #s 12 through 17[2] – Plaintiffs have requested the production of documents concerning any and all agreements or contracts, including, but not limited to, draft agreements and amended agreements between either Chrysler, on the one hand, and either any of Chrysler's current new motor vehicle dealers or any dealer applicant or candidate, on the other hand, concerning (a) the renovation or construction of dealership facilities (Requests # 12 and 13), (b) a Chrysler' dealer's obligation or duty to waive certain rights that may be provided it under an applicable state motor vehicle franchise statute such as protest rights that it may possess in the event that a new dealer is added in such dealer's market area (Requests # 14 and 15), and (c) a Chrysler' dealer's obligation or duty to provide Chrysler with an option to lease or purchase such dealer's dealership

---

[1] Again, you have previously advised us that Chrysler will oppose the deposition of Peter Grady. We agree, without prejudice to file a letter motion to compel his appearance at a deposition, to defer this issue until the completion of Mr. Tangeman's deposition.

[2] Request # 6 - Your March 1, 2011 email seemingly indicates that the dispute concerning this particular Request has been resolved as Chrysler has agreed to produce "settlement agreements/LOIs with prevailing dealers who have been added to the dealer network".

George Mykulak, Esq.
March 3, 2011
Page 3

facility (Requests # 16 and 17). Your March 1, 2011 email makes clear that Chrysler will not produce sales and service agreements responsive to Plaintiffs' Requests #s 12 through 17. As set forth in my prior correspondence, and despite Chrysler's objections to the contrary, the above requests seek to elicit information concerning numerous specific allegations contained in both Plaintiffs' Complaint (paragraphs 45and 54) and Chrysler's Counterclaim (paragraphs 3 and 36). Plaintiffs intend to bring this discovery dispute to the attention of Magistrate Boyle via a letter motion.

Requests #s 9, 25 through 28 – Plaintiffs have requested the production of (a) documents or communications between Chrysler and either General Motors or any congressional member or staffer that concern the letter of intent, the Act, or any proposed legislation to restore dealer rights or reinstate dealers (Requests # 9, 25 and 28) , and (b) all internal Chrysler documents, including documents maintained with any Chrysler legislative affairs department, that concern the Act, or any proposed legislation to restore dealer rights or reinstate dealer (Requests # 26 and 27). Your March 31, 2011 email provides that Chrysler will only produce documents responsive to these particular requests that were "created after the enactment of the Act." Chrysler has provided no explanation for its proposal to produce responsive documents created after the enactment of the Act but not responsive documents created prior to the Act's enactment. First, as the information sought by Plaintiffs through these Document Requests are clearly relevant to the party's claims or defenses and, at a minimum, are reasonably calculated to lead to the discovery of admissible evidence, the requested documentation should be produced by Defendant. Furthermore, as you are aware, the Plaintiffs' dealership Sales and Service (franchise) Agreements were terminated as of June 9, 2009 and the Act was enacted barely six (6) months later in December 2009. Accordingly, the production of documents responsive to Requests #s 9 and 25 through 28 that were created between June and December 2009 cannot be unduly burdensome. As such, Plaintiffs intend to also bring this discovery dispute to the attention of Magistrate Boyle via a letter motion.

George Mykulak, Esq.
March 3, 2011
Page 4


Conclusion

     We are prepared to immediately execute the attached Protective Order and would hope you're your office will do the same so that Chrysler's production can begin immediately without further delay. Please advise me within the next day or two whether Chrysler will execute the attached form of Protective Order and, if not, we will also bring this issue to the Magistrate's attention.


                    Very truly yours,

                    BELLAVIA GENTILE & ASSOCIATES, LLP



              BY: _____
                    Steven Blatt, Esq.



cc: Leonard A. Bellavia, Esq. (Via Email)

**sblatt**

| | |
|---|---|
| **From:** | Lisa_Lundy@nyed.uscourts.gov |
| **Sent:** | Tuesday, March 01, 2011 2:45 PM |
| **To:** | sblatt@dealerlaw.com |
| **Subject:** | Protective Order ETB |



Protectiveorder
.pdf (194 KB)

(See attached file: Protectiveorder.pdf)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

                               Plaintiff(s),            __PROTECTIVE ORDER__

            -against-                                   CV 00-0000 (      ) (ETB)


                               Defendant(s).
------------------------------------------------------------------X


        The court sua sponte hereby directs pursuant to Fed. R. Civ. P., Rule 26(c), that the

following provisions shall govern the handling of confidential information and documents in this

action:

        1. Definitions.  For purposes of this Order:

        (a) "confidential information" means information which the designating party deems to

constitute trade secrets, know-how, proprietary data and/or commercial or financial information

which the designating party has maintained in confidence.  It shall be the duty of the party who

seeks to invoke protection under this Order to give notice, in the manner set forth hereinafter, of

the documents and testimony to be covered hereby, and the duty of any other party or person to

maintain confidentiality hereunder shall commence with such notice.

        (b) "Producing party" or "designating party" shall mean the party (and its outside

counsel) who is producing information to another party and who deems that information

confidential.

        (c) "Inspecting party" or "non-designating party" shall mean the party (and its outside

counsel) who receives the confidential information supplied by the producing party.


                                            1

(d) "Outside counsel" or "counsel" shall mean the law firms engaged by the plaintiff and the defendant to represent them in this litigation.

(e) "Document" shall include "writings, drawings, graphs, charts, photographs, phone records, and any other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form" as set forth in Rule 34(a) of the Federal Rules of Civil Procedure.

(f) "Party," in the case of a party to this action which is a corporation, means any officer, director, shareholder, or employee of such party, all of whom shall be bound by the provisions of this Protective Order.

(g) "Produce" means the transmission of any "document" during the course of and in connection with this litigation, including appeals therefore, to a "party" or its "attorneys," whether voluntary or involuntary, whether pursuant to request or legal process, and whether in accordance with the Federal Rules of Civil Procedure or otherwise.

(h) "Person" means, in the plural as well as the singular, any individual, corporation, firm, association, partnership, business trust, government body or any other legal or business entity, unless specified herein to the contrary.

2. Documents

(a) Documents produced in the course of discovery herein (either formally or informally) which the producing party deems to contain confidential information may be designated as confidential by the producing party and the documents or portions thereof deemed to be confidential which are copies and delivered to counsel for the inspecting party shall be marked "CONFIDENTIAL".

2

(b) The producing party shall designate the document as confidential at the time of its production and/or inspection by the inspecting party. The producing party's failure to do so, however, does not waive its right to designate that document or any portion thereof as confidential, if within thirty (30) days after production, notification is given as to the confidential status of the document. Such a post-inspecting party shall have no obligation, responsibility or liability for, or with respect to, any pre-designation dissemination of that document or the information contained therein.

3. Deposition Testimony.

If confidential information is contained in deposition, trial or other testimony, the transcript may be designated as containing confidential information in accordance with this Order by notifying the other party (1) on the record, at the time of the testimony, or (2) in writing, within thirty (30) days of receipt of the transcript of the specific pages and lines of the transcript which contain confidential information. At any deposition session when outside counsel for a party deems that the answer to a question will result in the disclosure of confidential information within the meaning of this Order, outside counsel may direct that the question and answer be transcribed separately from the remainder of the deposition and if filed with the Court, shall be filed in a sealed envelope marked in the manner set forth in Paragraph "5" hereof. When such a direction has been given, the testimony shall be disclosed only to those individuals specified in Paragraph "6" hereof. Outside counsel for the party whose confidential information is involved may also request that all persons other than the reporter, outside counsel, and individuals specified in Paragraph "6" hereof leave the deposition room during the confidential portion of the deposition. The failure of such other persons to comply with a request of this type shall

3

constitute substantial justification of counsel to advise the witness that he need not answer a

question seeking the revelation of confidential information.

    4. Interrogatory Answers.

If an interrogatory answer contains confidential information, the answer shall be provided

in a separate document, appended to the main body of answers and incorporated by reference

therein. The response to the interrogatory in the main body of the answers should be "Requests

confidential information, see response in confidential addendum, which response is incorporated

fully herein by reference."

    5. Any confidential information including transcripts of depositions or portions thereof,

exhibits, answers to interrogatories, and responses to requests for admissions which have

therefore been designated as comprising or containing confidential information, or any pleading

or memorandum or other document purporting to reproduce or paraphrase such information, if

filed with the Court, shall be filed in sealed envelopes or other appropriately sealed containers on

which shall be endorsed the title of this action, an indication of the nature of its contents, the

word "Confidential" and a statement substantially in the following terms:

> "CONFIDENTIAL. Filed Pursuant to Protective Order by
> _____. Not to be opened
> nor the contents revealed except (1) to the Court and then resealed,
> (2) by agreement of the parties, or (3) by prior order of this Court."

The party filing the documents shall serve notice upon all other parties that the above

procedure is being invoked.

At the trial of this action or at any hearing relating to this action before any judicial

officer, subject to the rules of evidence and order of the Court, a party may use any confidential

4

information for any purpose, provided that adequate prior notice of such use is given to counsel for the opposing party to permit the opposing party the opportunity to obtain appropriate protection from the Court, including a request to the Court that the courtroom be cleared of persons not subject to the Order and that the Court employees be advised as to the terms of this Order.

6.   (a) Each and every page or sheet of all transcripts of depositions, exhibits, answers to interrogatories and requests for admissions, copies thereof, other documents and all information obtained by an inspection of files, facilities or documents by outside counsel for any party pursuant to pretrial discovery in this action that have been designated by the other party as comprising or containing its confidential information shall be marked "CONFIDENTIAL" and shall be retained by the receiving party's outside counsel and shall not be disclosed or used by any non-designated person other than those listed below.  Any material marked "CONFIDENTIAL" shall be used for prosecuting and/or defending the within action only, and for no other purpose.  Any unauthorized disclosure in violation of the order shall be subject to discipline by the contempt powers of this court.

(b) Confidential information shall not be disclosed to any person other than (i) a party to this action and outside counsel for the parties to this litigation and office personnel employed or engaged in the preparation for, or in aiding in the trial of this action; (ii) independent outside persons (i.e., persons not employees of a party), not to exceed five, requested by counsel to furnish technical or expert services or to give testimony with respect to the subject matter for the trial of this action; and (iii) the Court including necessary secretarial and law clerk personnel assisting the Court.

5

(c)  Each person to whom disclosure may be made by counsel for a party shall first be identified not less than ten (10) business days before the disclosure, to counsel for the party designating the information as confidential and shall, in a written instrument delivered beforehand to such counsel, acknowledge that he (or she) is fully familiar with the terms of this Stipulated Protective Order and agrees in writing, to comply with, and be bound by, such Order until modified by further Order of this Court or by agreement of the parties hereto.  Counsel for the designating party shall have the right to object, in writing within five (5) days after receiving the required identification, to such disclosure to the person or persons selected by counsel for the non-designating party and should such objection be made, no disclosure shall be made to such objected to person without leave of the Court.

7.  No person or party shall disclose to anyone not specified in Paragraph "6" any information designated as confidential under this Protective Order, without prior written consent of the designating party or further order of this Court.  Confidential information disclosed pursuant to this Protective Order shall not be used by a recipient thereof for any purpose other than for purposes of preparing this action for trial.

8.  The restrictions on dissemination of confidential information contained herein shall not apply to information which, prior to disclosure hereunder, is either in the possession or knowledge of an inspecting party or a person who, absent this Order, is under no restriction with respect to the dissemination of such confidential information or to information which is public knowledge or which, after disclosure, becomes public knowledge other than through an act of omission of a party receiving the information designated as confidential, provided that if a party to this Order who is to receive any confidential information disagrees with respect to its

6

designation as confidential information, in full or in part, it shall so notify the producing party in writing, and they will thereupon confer as to the status of the subject information proffered within the context of this Order within ten (10) days of the sending of such notice.  If the recipient and producing parties are unable to agree to the status of the subject information, any party to this Order may raise the issue of the designation of such a status to the Court upon 10 days written notice.  The Court may raise the issue of designation of the confidential status without any request from a party.  In any disagreement over the designation of confidential information, the designating party bears the burden of showing that the designated information is confidential information within the scope of this Order.  No party to this action shall be obligated to challenge the propriety of any designation, and a failure to do so shall not preclude a subsequent challenge on the propriety of such designation and shall not constitute an admission that any information is in fact confidential.

9.  This Order is intended to provide a mechanism for the handling of confidential information and documents for which there is no objection other than confidentiality.  Each party reserves the right to object to any disclosure of information or production of any documents it deems confidential on any other ground it may deem appropriate, and any party may move for relief from, or general or particular modification of, the mechanism for maintaining confidentiality herein set forth or the application of this Order in any particular circumstance.

10.  This Protective Order may be amended with leave of the Court, by the agreement of counsel for the parties in the form of a stipulation submitted to the court for approval, or by the court sua sponte after affording the parties, and any affected non-party, the opportunity to be heard.  If the parties cannot agree to an amendment, then a formal motion to amend must be filed

with the Court. This Protective Order is intended to regulate the handling of confidential

information and documents during the pretrial period of this litigation, but shall remain in force

and effect until modified, superseded or terminated on the record by agreement of the parties

hereto or by order of the Court.

11. Upon final termination of this litigation, each party that is subject to this Order shall

assemble and return to the producing party all items containing the producing party's confidential

information produced in accordance with this Order, including all copies of such matter which

may have been made, but not including copies containing notes or other attorney work product

that may have been placed thereon by counsel for the receiving party. All copies containing

notes or other attorney's work product shall be destroyed promptly after final termination by the

receiving party who will so inform the disclosing party. As an alternative to the return of all such

confidential information, the recipient may destroy such confidential information. Promptly after

the return or destruction of items containing the producing party's confidential information, the

receiving party shall by letter certify that all items containing the producing party's confidential

information have been returned and/or destroyed, respectively. Receipt of all material returned to

the producing party shall be acknowledged in writing if requested by the receiving party and the

receiving party has specified what has been returned by it. Notwithstanding the preceding

sentences of this paragraph, one complete set of pleadings may be retained by each of the parties

but any pleadings containing confidential information shall remain subject to all other provisions

of this protective order.

12. Nothing herein shall prevent disclosure of any confidential information (1) by the

producing party or (2) to any employee or officer of the producing party or (3) to any person, no

8

longer affiliated with the producing party, who either authored, in whole or part, or who received the confidential information in confidence prior to the initiation of this litigation.

13. Nothing in this Order shall be deemed a waiver of any right any party otherwise might have under the Federal Rules or the doctrines of attorney-client privilege, attorney work product, or any other privilege.

14. This Order shall survive the final termination of this action with respect to any confidential information. The Court shall retain jurisdiction over the parties and counsel for the parties as necessary to enforce this Order.

**SO ORDERED:**

Dated: Central Islip, New York
           March 1, 2011

                                                    /s/ E. Thomas Boyle
                                                    E. THOMAS BOYLE
                                                    United States Magistrate Judge

9

Exhibit F

WILMERHALE

George W. Mykulak

+1 617 526 6023 (t)
+1 617 526 5000 (f)
george.mykulak@wilmerhale.com

March 9, 2011

Steven Blatt, Esq.
Bellavia Gentile & Associates, LLP
200 Old Country Rd.
Suite 400
Mineola, NY  11501

Re:     Eagle Auto Mall et al. v. Chrysler Group

Dear Steve:

I am responding to your March 3, 2011 letter and memorializing our telephone conversations on March 4 and 9, 2011 and exchange of emails on March 8, 2011.  At present, the three open discovery issues addressed in the correspondence and communications are:  1) Chrysler Group's proposed Stipulation and Protective Order; 2) Chrysler Group's objections to the 30(b)(6) Notice; and 3) Chrysler Group's objections to Plaintiffs' First Request for Production of Documents.  This will confirm that, without prejudice to or waiver of objections, the parties have reached a compromise on a number of these issues, as discussed below.

1.     Stipulated Protective Order

As a threshold point, the parties recognize that, given the several litigations pending throughout the United States, the publicity surrounding them and the sensitive confidential information that you seek, the entry of a Protective Order is a condition precedent to proceeding with discovery.  I raised this issue with you during our first phone call on February 14, 2011 and followed that up on February 15, 2011 with an email to you to which I attached our proposed Stipulation and Protective Order, which was similar in form to the two-tiered Protective Order that governed the Section 747 arbitrations between Chrysler Group and your clients.

The inclusion of the "For Attorneys' Eyes Only" category is particularly crucial to Chrysler Group in this case where Plaintiffs have requested that Chrysler Group produce certain highly confidential information, including but not limited to settlement agreements with non-party entities, documents containing sensitive information of other dealers and documents containing Chrysler Group's proprietary information.  Chrysler Group's proposed "For Attorneys' Eyes Only" category, which we anticipate to be a small set of documents, merely excludes the parties from disclosure, but provides full disclosure to the parties' counsel and those assisting them who agree to abide by the terms of the Order.

Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, Massachusetts 02109

Beijing    Berlin    Boston    Brussels    Frankfurt    London    Los Angeles    New York    Oxford    Palo Alto    Waltham    Washington

WILMERHALE

Steven Blatt, Esq.
March 9, 2011
Page 2

You subsequently advised that Plaintiffs had rejected Chrysler Group's proposed Stipulation and Protective Order in its entirety and offered an alternative Protective Order. I advised you that your proposal was not acceptable to Chrysler Group, because, among other things, it does not provide the protections that Chrysler Group requires, is unwieldy and burdensome and will cause delays and additional expense. I also offered that the parties and the Magistrate Judge had adopted a two-tiered Protective Order in *Quality Jeep Chrysler Inc. v. Chrysler Group LLC*, No. 10-CV-00900(PJK)(WDS), an action in the New Mexico District Court involving similar issues as those being litigated in this case. I proposed, as an alternative to our Stipulation and Protective Order, that Chrysler Group would agree to enter into a stipulated Protective Order similar in form to the one that the Magistrate Judge entered in *Quality*. The one addition that we required was the inclusion of the provision regarding the inadvertent disclosure of privileged information contained in our original proposal. Both parties will be prejudiced by the lack of a provision in the Protective Order relating to the handling of privileged documents and any inadvertent production of such materials, as recognized by Magistrate Judge Boyle who originally required the parties to agree on such a provision as part of their Rule 26(f) submissions.

Your March 3, 2011 letter expressed a preference for Magistrate Judge Boyle's form Protective Order over the *Quality* stipulated Protective Order. After further discussion, we agreed that Judge Boyle's form is acceptable to the parties with the addition of a "For Attorneys' Eyes Only" category and the inclusion of the provision regarding the inadvertent disclosure of privileged information, as discussed above. On March 8, 2011, we agreed on the language of the Order, and, on March 9, 2011, I delivered to you an original version for execution, which we agreed to jointly file with Magistrate Judge Boyle for entry as a Stipulated Protective Order.

2.    Plaintiffs' Rule 30(b)(6) Deposition Notice

The parties have agreed that Chrysler Group will produce its 30(b)(6) witness, John Tangeman, at Wilmer Hale's offices in Boston at a mutually convenient date in April, contingent upon the entry of the Protective Order and the completion of document production.

3.    Plaintiff's Request for Documents

As we discussed, Chrysler Group has stated in its Response to Plaintiffs' First Set of Document Requests that, subject to the entry of the Protective Order and other General Objections, it will be producing non-privileged, relevant documents in its custody, possession and control that are responsive to Plaintiffs' Document Requests 1-5, 7, 8, 10, 11 and 18 through 24. Chrysler Group will be making a rolling production. Some of the responsive documents, primarily hard copies, are currently available for production once the Protective Order is entered. However, the search, collection, review and production of non-privileged, relevant electronic documents and information will take longer. That process is on-going, and, subject to the

WILMERHALE

Steven Blatt, Esq.
March 9, 2011
Page 3

following, we project that it will be completed by the beginning of April. On March 9, 2011, we discussed that the search and review of multiple copies of the same electronic documents and information ("Duplicates") will significantly delay the completion of Chrysler Group's production and force Chrysler Group to incur substantial additional expenses. You have agreed on behalf of the Plaintiffs that Chrysler Group need not produce Duplicates in response to Plaintiffs' First Set of Document Requests.

You have correctly identified three categories of documents as to which Chrysler Group has interposed objections and has declined production. As to those categories, Chrysler Group, without waiving its objections and in the interest of compromise, has agreed to produce some of the documents requested but not all, as more completely described below:

- Request 6: Plaintiffs seek the production of settlement agreements between Chrysler Group and prevailing former dealers who have been added to Chrysler Group's dealer network. Given that those agreements in many instances result from negotiated resolutions of pending litigations and dealer claims, they are not relevant to the fundamental issue in this litigation, namely whether the LOIs issued to your clients complied with Section 747. In addition, those settlement agreements, particularly given the other litigations pending around the country, are highly sensitive and contain information that the settling dealers and Chrysler Group have deemed highly confidential. Indeed, Chrysler Group intends to designate such settlement agreements as "For Attorneys' Eyes Only" under the Protective Order. In addition, the production of such materials even under the Protective Order will require in certain instances notices to the settling dealers as to the disclosure of such information to Plaintiffs. Without waiver of its objections, Chrysler Group has agreed to produce the settlement agreements between Chrysler Group and prevailing former dealers who have been added to Chrysler Group's dealer network, as requested in Plaintiffs' Request No. 6, contingent upon the entry of the Protective Order that provides for the designation of "For Attorneys' Eyes Only" documents, and after notice is given to the relevant settling dealers and resolution of any objections/intervention.

- Requests 12-17: Plaintiffs seek the production of Chrysler Group "agreements" with dealers that contain provisions that Plaintiffs find objectionable in the LOIs that they received from Chrysler Group, namely facility improvement requirements, waiver of protest rights and site control. Chrysler Group has objected to production. Since the statutory remedy that Plaintiffs are seeking to enforce is the issuance of Chrysler Group's customary and usual LOI to enter into a sales and service agreement, the "agreements" that Plaintiffs seek are irrelevant to the claims and defenses of the parties and not calculated to lead to the discovery of admissible evidence. The "customary and usual" description applies to the LOIs not to the "agreements." Without waiver of that objection, Chrysler Group will agree to produce "agreements" in the form of signed open point LOIs, whether resulting from the arbitrations, by settlement (subject to the conditions above) or in the ordinary course of

WILMERHALE

Steven Blatt, Esq.
March 9, 2011
Page 4

CG's business.  Beyond that, Chrysler Group will not be producing any other "agreements," which in large measure appear to be directed to sales and service agreements containing certain terms.  The negotiated terms of sales and service agreements executed by Chrysler Group and dealers in the ordinary course of business are particularly irrelevant.  Plaintiffs disagree with Chrysler Group's objections as to the production of term sales and service agreements and reserve their rights to seek relief from Magistrate Judge Boyle.

- Requests 9, 25-18:  Chrysler Group continues to object to these requests as overly broad and unduly burdensome and seeking irrelevant information.  Plaintiffs are seeking to enforce the exclusive remedy provided by the Act as enacted.  Communications with General Motors and Congress and internal Chrysler Group documents about proposed legislation other than the Act are completely irrelevant.  Similarly, documents created prior to the enactment of the Act, whether lobbying information or otherwise, are irrelevant to the Court's construction of the Act as written.  Chrysler Group also believes that your Requests seeking documents related to the Act are overly broad and equally irrelevant.  Ultimately, the Act says what it says, and it is up to the Court to interpret the Act's requirements and Chrysler Group's obligations to prevailing former dealers thereunder.

- However, without waiver of its objections, Chrysler Group has agreed to produce (1) relevant communications between Chrysler Group and General Motors limited to documents created after enactment of the Act and relating to the LOI remedy and/or obligations to prevailing former dealers under the Act (contingent on the entry of the Protective Order and completion of e-discovery) and (2) relevant communications between Chrysler Group and members of Congress and relevant, non-privileged internal CG documents in the legislative group limited in each case to documents created after enactment of the Act and relating to the LOI remedy and/or obligations to prevailing former dealers under the Act (contingent on the entry of the Protective Order and completion of e-discovery).  Plaintiffs disagree with Chrysler Group's objections as to the production of pre-enactment documents and reserve their rights to seek relief from Magistrate Judge Boyle.

Thank you for your cooperation relative to the foregoing.  Assuming the prompt entry of the Protective Order by Magistrate Judge Boyle, we anticipate making our first wave of production at the end of this week.

Very truly yours,

George W. Mykulak

US1DOCS 7869547v1