WILMERHALE

January 5, 2012

**By ECF and Federal Express**

George W. Mykulak

+1 617 526 6023(t)
+1 617 526 5000(f)
george.mykulak@wilmerhale.com

Hon. Leonard D. Wexler
United States District Judge
Eastern District of New York
Long Island Federal Courthouse
944 Federal Plaza
Central Islip, NY 11722

Re: **Eagle Auto Mall Corp., et al. v. Chrysler Group LLC, 10-cv-03876 (LDW) (GRB)**

Dear Judge Wexler:

    Defendant Chrysler Group LLC ("New Chrysler") respectfully requests a pre-motion conference to discuss New Chrysler's intention to move for reconsideration of that aspect of the Court's December 23, 2011 Memorandum and Order (Dkt. 88) ("Opinion") that found a triable issue of fact as to whether the letters of intent that New Chrysler offered to Plaintiffs Eagle Auto Mall Corp. and Terry Chrysler Jeep, Inc. ("Plaintiffs") constituted New Chrysler's "customary and usual" letters of intent. *See* Opinion 12. As set forth below, Plaintiffs have repeatedly conceded that all issues remaining in this case after the stipulated dismissal of three of the five counts in the Complaint were legal in nature and could be resolved as a matter of law. Neither Plaintiffs' pleadings nor their responses to discovery have ever raised a genuine issue of material fact as to whether there is any disparity between the letters of intent Plaintiffs received and New Chrysler's "customary and usual" letter of intent. Rather, Plaintiffs' consistent claim has been that the letters of intent New Chrysler provided to them were not "customary and usual" because they did not provide for Plaintiffs' unconditional "reinstatement" or replicate the terms of Plaintiffs' rejected franchise agreements with Old Chrysler. In the alternative to reconsideration, New Chrysler respectfully seeks leave to file a further motion for summary judgment to resolve the "customary and usual" issue without the burden and expense associated with trial.

    Plaintiffs' Complaint originally sought declaratory relief and damages on five claims. Compl. ¶¶ 58-104. On June 28, 2011, the parties filed a Stipulation of Dismissal (Dkt. 60), agreeing that three of those claims should be dismissed with prejudice, and the Court ordered that dismissal the next day (Dkt. 62). At the same time, Plaintiffs wrote to the Court requesting a pre-motion conference to discuss their intention to seek summary judgment on the remaining claims. Pls.' June 28, 2011 Letter to the Court at 1, 3 (Dkt. 61). Plaintiffs explained that, in light of the stipulated dismissal, "a motion for summary judgment [would be] appropriate at this time as the remaining issues in this action ... are legal in character and their resolution would entail this Court's statutory interpretation of the Act and a concomitant determination as to whether Chrysler has complied with or violated the Act." *Id.* at 3; *see id.* ("[T]he interpretation of the Act is a legal question that can be tried by the court via summary judgment motions."); *id.* at 1 (Plaintiffs "require[] no further discovery"). Plaintiffs later reiterated in their opening brief that

WILMERHALE

Hon. Leonard D. Wexler
January 5, 2012
Page 2

summary adjudication would be appropriate because "the remaining issues in this action ... are legal in character." Pls.' Br. in Supp. of Mot. for Summ. J. at 1 n.1 (Dkt. 70).

In its December 23, 2011 Opinion, the Court resolved those remaining issues in New Chrysler's favor, holding that Plaintiffs were not entitled under Section 747 to be "restored" or "reinstated" to the New Chrysler dealer network on the same terms that existed under their rejected franchise agreements with Old Chrysler. Rather, the Court correctly held that the "sole remedy provided for in [Section 747]" is a "'customary and usual letter of intent to enter into a sales and service agreement.'" Opinion 5. The Court believed there was an open question of fact, however, as to whether the letters of intent New Chrysler provided to Plaintiffs "constitute the customary and usual letters offered to all potential franchisees at the time of the offering." *Id.* at 12. The Court ordered the parties to prepare for trial on that issue. *Id.* at 12-13.

Reconsideration of the Court's finding that a factual issue remains for trial would be appropriate in light of Plaintiffs' concessions that all issues remaining in the case after the stipulated dismissal were legal questions that should be resolved on dispositive cross-motions for summary judgment. Those concessions were correct: While Plaintiffs have objected on legal grounds to certain terms in the letters of intent that allegedly did not appear in Plaintiffs' franchise agreements with Old Chrysler and did not unconditionally "restore" Plaintiffs to the New Chrysler dealer network, Plaintiffs have never identified any factual respect in which the letters of intent they received did not reflect New Chrysler's "customary and usual" letter of intent. Compl. ¶¶ 39-103; *id.* at 18-19.

Plaintiffs' concessions in discovery confirm that they have not made a factual claim as to whether the letters of intent New Chrysler provided were "customary and usual." When New Chrysler served interrogatories asking Plaintiffs to state the basis for their allegation that the letters of intent were not "customary and usual," Plaintiffs responded by reciting their legal interpretation of Section 747 and asserting that the letters violated the Act because they imposed conditions that had not appeared in Plaintiffs' rejected franchise agreements with Old Chrysler or in the Old Chrysler franchise agreements that New Chrysler assumed. *See* Pls.' Responses & Objections to New Chrysler's First Set of Interrogatories ¶ 6 (Apr. 22, 2011).[1] When New Chrysler asked Plaintiffs to supplement this response by identifying a factual basis, *see* Letter from G. Mykulak to S. Blatt at 2, 4 (May 19, 2011), Plaintiffs objected that the interrogatory impermissibly sought legal conclusions "unrelated to [the] facts of the case," and reiterated their view that the remaining claims were "substantially legal in character" and should be "tried by the court via summary judgment motions." Letter from S. Blatt to G. Mykulak at 2-3 (June 1, 2011). New Chrysler again pressed Plaintiffs to identify the factual basis for their claim that the letters of intent were not "customary and usual," *see* Letter from N. Feit to S. Blatt at 1 (June 4, 2011), but Plaintiffs again gave no response except to repeat their argument that the letters of intent

---

[1] Copies of cited discovery materials and correspondence that are unavailable on the Court's docket have been appended in an attachment to this letter.

WILMERHALE

Hon. Leonard D. Wexler
January 5, 2012
Page 3

imposed conditions that had not appeared in Plaintiffs' rejected franchise agreements with Old Chrysler or in the Old Chrysler agreements assumed by New Chrysler, *see* Letter from S. Blatt to G. Mykulak & N. Feit at 3 (June 8, 2011).

Even when Plaintiffs claimed for the first time in their reply brief that material facts remained in dispute as to whether the letters of intent New Chrysler provided were "customary and usual," they failed to identify any factual issues requiring trial. *See* Pls.' Mem. in Further Supp. of Mot. for Summ. J. & Opp'n to New Chrysler's Mot. for Summ. J. at 5-6 & n.1 (Dkt. 72). Instead, Plaintiffs argued that the letters violated Section 747 because they made Plaintiffs' "reinstatement" conditional on requirements that allegedly had not appeared in their rejected franchise agreements with Old Chrysler or which Plaintiffs found otherwise objectionable. *Id.*

In the alternative to reconsideration, New Chrysler proposes to move for summary judgment on the "customary and usual" issue, as to which no trial is necessary. The letters of intent that New Chrysler provided to Plaintiffs are in the record, New Chrysler long ago produced to Plaintiffs copies of the "customary and usual" letters of intent used by New Chrysler, and Plaintiffs have represented that "no further discovery" is required to resolve this case, *supra* at 1. Although Plaintiffs have objected to certain terms in New Chrysler's letters of intent on other grounds, Plaintiffs have not and could not "come forward with specific evidence demonstrating the existence of a genuine dispute of material fact" as to whether they received New Chrysler's "customary and usual" letter of intent, *FDIC v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010), and no witness testimony is necessary to resolve that issue. New Chrysler therefore believes it is entitled to judgment as a matter of law on this issue, and respectfully seeks an opportunity to file a dispositive motion.[2]

Very truly yours,

George W. Mykulak

cc: Magistrate Judge Gary R. Brown
    Steven Blatt, Esq., Counsel for Plaintiffs
    Joseph Mead, U.S. Department of Justice, Counsel for Intervenor

---

[2] New Chrysler's previous motion for summary judgment, which New Chrysler had intended to be case-dispositive, did not address the "customary and usual" issue because Plaintiffs' repeated concessions that only legal issues remained in the case left New Chrysler with no notice that any factual issue might arise with respect to whether Plaintiffs received New Chrysler's "customary and usual" letter of intent.