UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

—————————————————————X

**EAGLE AUTO MALL CORP., TERRY
CHRYSLER JEEP, INC., JHS BUSINESS
ASSOCIATES INC. D/B/A CROSSROADS
SUPERSTORE, and WESTMINSTER
DODGE, INC.**

                                                          Case No. 2:10-cv-03876 (LDW) (GRB)

                    **Plaintiffs,**

                    **v.**

**CHRYSLER GROUP LLC,**

                    **Defendant.**

—————————————————————X

**MEMORANDUM OF LAW IN SUPPORT OF CHRYSLER GROUP LLC'S
MOTION FOR RECONSIDERATION**

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................. ii

PRELIMINARY STATEMENT .............................................................................1

BACKGROUND ....................................................................................................2

ARGUMENT ..........................................................................................................6

I.      RECONSIDERATION IS WARRANTED TO ACCOUNT FOR PLAINTIFFS' REPEATED
        REPRESENTATIONS THAT ALL REMAINING ISSUES ARE LEGAL IN NATURE AND
        THEIR FAILURE TO RAISE THE FACTUAL ISSUE THE COURT HAS IDENTIFIED ...................7

        A.      Throughout Discovery And The Proceedings Leading To The Filing Of
                Cross-Motions For Summary Judgment, Plaintiffs Repeatedly Conceded
                That Only Legal Issues Remained And Never Raised Any Factual Issues
                Concerning The Letters Of Intent ..........................................................................9

        B.      Plaintiffs' Summary Judgment Briefs Again Conceded That All
                Remaining Issues Were Legal In Nature And Failed To Raise Any
                Genuine Issue Of Material Fact Relating To The Letters Of Intent .....................11

        C.      Plaintiffs' Statements In The Joint Proposed Pre-Trial Order Confirm That
                There Is No Factual Issue For Trial ....................................................................13

II.     RECONSIDERATION IS WARRANTED TO PREVENT MANIFEST INJUSTICE ...........................15

CONCLUSION.......................................................................................................17

## TABLE OF AUTHORITIES

Page

### FEDERAL CASES

*FDIC v. Great America Insurance Co.*,
  607 F.3d 288 (2d Cir. 2010)......................................................................................13, 16

*Shrader v. CSX Transportation, Inc.*,
  70 F.3d 255 (2d Cir. 1995)...........................................................................................6

*Virgin Atlantic Airways, Ltd. v. National Mediation Board*,
  956 F.2d 1245 (2d Cir. 1992).......................................................................................6

### FEDERAL STATUTES

Consolidated Appropriations Act of 2010, Pub. L. No. 111-117, § 747 ..............................*passim*

### RULES

Local Civ. R. 6.3 .........................................................................................................6

## PRELIMINARY STATEMENT

Defendant Chrysler Group LLC ("New Chrysler") respectfully seeks reconsideration of that portion of the Court's December 23, 2011 Memorandum and Order (Dkt. 88) ("Op.") that found a triable issue of fact as to whether the letters of intent that New Chrysler offered to Plaintiffs Eagle Auto Mall Corp. ("Eagle") and Terry Chrysler Jeep, Inc. ("Terry") (collectively, "Plaintiffs") constituted New Chrysler's "customary and usual" letters of intent. *See* Op. 12.

As set forth below, Plaintiffs have repeatedly conceded that all issues remaining in this case following the stipulated dismissal of three of the five counts in the Complaint were legal in nature and could be resolved as a matter of law. At Plaintiffs' suggestion, the parties stopped discovery before the deadline based on Plaintiffs' admissions that only legal issues remained. Neither Plaintiffs' Complaint, nor their responses to discovery, nor their summary judgment papers have ever raised a factual issue as to whether and why the letters of intent they received were anything other than New Chrysler's "customary and usual" letter of intent. Rather, Plaintiffs' consistent position has been that the letters of intent New Chrysler offered to them did not satisfy Section 747 because they did not effectuate Plaintiffs' unconditional "reinstatement" or replicate the terms of Plaintiffs' rejected franchise agreements with Old Chrysler. Plaintiffs asserted the existence of a factual issue for the first time in their response brief in a last-ditch effort to preserve their Complaint from dismissal, but even then, they supported that assertion only with *legal* objections to specific terms in New Chrysler's letter of intent and raised no triable factual issues. Indeed, even in their statements in the joint proposed pre-trial order, Plaintiffs continue to argue only that the letters of intent violate Section 747 "*[a]s a matter of law*" because they do not effectuate the "reinstatement remedy required by the Act," and fail to identify a single factual issue supporting the contention that the letters of intent New Chrysler

provided do not constitute New Chrysler's "customary and usual" letter of intent.  Joint Proposed Pre-Trial Order at 5-6 (Dkt. 91) (emphasis added).

Reconsideration is warranted to take account of these admissions and to prevent the injustice that would occur if New Chrysler and this Court were forced to bear the burden and expense of trial when Plaintiffs have consistently failed to provide any notice that this factual issue might arise or to identify the factual basis of their newfound claim.  That is particularly so in light of Plaintiffs' position that trial of this matter will require five trial days, fifteen witnesses, and more than 150 exhibits—all to relitigate legal issues that the Court has already decided and that do not relate to the discrete factual issue the Court identified for trial.  *See* Joint Proposed Pre-Trial Order at 11-25.  The Court should accordingly enter a final judgment dismissing the Complaint in its entirety.[1]

## BACKGROUND

As the Court is aware, this case arises out of the Chapter 11 bankruptcy of Old Chrysler, in which Old Chrysler avoided liquidation by selling substantially all of its assets to an entity that became New Chrysler.  As a key component of that transaction, Old Chrysler sought authorization from the bankruptcy court to continue strengthening its dealer network by rejecting its dealership agreements with 789 dealers pursuant to Section 365 of the Bankruptcy Code.  In

---

[1] In the alternative, the Court should permit New Chrysler to file a motion for summary judgment on the "customary and usual" issue because there is no genuine dispute as to any material fact concerning the letters of intent, New Chrysler is entitled to judgment as a matter of law on that issue, and Plaintiffs' concessions prevented New Chrysler from addressing this issue in its prior motion for summary judgment.

June 2009, the bankruptcy court approved the rejection of those contracts and authorized the asset sale.  Six months later, Congress enacted Section 747 of the Consolidated Appropriations Act of 2010, Pub. L. No. 111-117, which provided former Old Chrysler dealers whose franchise agreements had been rejected in the bankruptcy court and who received favorable arbitration decisions the opportunity to be added to New Chrysler's dealership network via the issuance of a letter of intent to enter into a sales and service agreement.  This Court has determined that "the sole remedy" available under the Act for a former Old Chrysler dealer that receives a favorable decision in a Section 747 arbitration is a "'customary and usual letter of intent to enter into a sales and service agreement.'"  Op. 5 (quoting Section 747(e)).

Pursuant to Section 747, New Chrysler participated in over one hundred arbitrations with rejected dealers around the country between March and July 2010.  In cases where the rejected dealer obtained a favorable decision, New Chrysler provided each such rejected dealer with its customary and usual letter of intent, which provided that New Chrysler would enter into a sales and service agreement with the dealer if the dealer satisfied the conditions set forth in the letter. In addition, New Chrysler provided letters of intent to other "rejected" dealers before any Section 747 arbitrations occurred, as well as to other dealers in the ordinary course of New Chrysler's business.

New Chrysler participated in arbitrations with Plaintiffs Eagle and Terry in May and June 2010.  In each case, the Section 747 arbitrator issued a written determination in favor of the former dealer, and New Chrysler offered each dealer its customary and usual letter of intent to enter into a sales and service agreement.  *See* Exhibit G to Pls.' Mot. for Summ. J. (Dkt. 69). Rather than execute those letters of intent, however, Plaintiffs filed this suit against New Chrysler, claiming that they were entitled under Section 747 not merely to receive a "customary

and usual letter of intent," but to be immediately and unconditionally "reinstated" to the New Chrysler dealer network on the same terms as their former franchise agreements with Old Chrysler, without regard to whether they could satisfy the conditions set forth in a customary and usual letter of intent.

Plaintiffs' Complaint sought declaratory relief and damages on five claims against New Chrysler and demanded a trial by jury.  Compl. ¶¶ 58-104 (Dkt. 1).  In the course of discovery, New Chrysler asked Plaintiffs to identify the factual basis for the allegation in their Complaint that New Chrysler had failed to provide a customary and usual letter of intent, but Plaintiffs repeatedly objected to that request and failed to identify any such factual issue.  They relied instead on their legal arguments concerning the interpretation of Section 747 and proposed that the parties should stop discovery before the deadline and resolve the case on motions for summary judgment.  *See* Eagle's Responses & Objections to New Chrysler's First Set of Interrogatories ¶ 6 (Apr. 22, 2011) (Exhibit A); Terry's Responses & Objections to New Chrysler's First Set of Interrogatories ¶ 6 (Apr. 22, 2011) (Exhibit B); Letter from S. Blatt to G. Mykulak at 2-3 (June 1, 2011) (Exhibit C); Letter from S. Blatt to G. Mykulak and N. Feit at 3 (June 8, 2011) (Exhibit D).  On June 28, 2011, the parties accordingly filed a Stipulation of Dismissal (Dkt. 60), agreeing that the damages claims—the Second, Fourth, and Fifth Claims in the Complaint—should be dismissed and Plaintiffs' demand for a jury trial withdrawn.  This Court entered an order the following day (Dkt. 62) dismissing those claims with prejudice.

In conjunction with that dismissal, Plaintiffs sought leave to file a motion for summary judgment disposing of the remaining claims in the Complaint and New Chrysler's Counterclaim. *See* Pls.' June 28, 2011 Letter to the Court at 1 (Dkt. 61) ("June 28 Letter").  According to Plaintiffs, the "remaining issues in this action" following the stipulated dismissal were "legal in

character" and involved "legal question[s] that c[ould] be tried by the court via summary judgment motions."  *Id.* at 3; *see also id.* at 1 (stating that "no further discovery" was required). New Chrysler accepted those representations and agreed that the case was "ripe for adjudication on cross-motions for summary judgment in that the remaining claims present legal issues of statutory construction."  New Chrysler's July 1, 2011 Letter to the Court at 1 (Dkt. 63).  The parties accordingly filed cross-motions for summary judgment, with both parties seeking final judgment on all remaining claims in the Complaint and New Chrysler's Counterclaim in their entireties.  In their opening brief, Plaintiffs reiterated that summary adjudication would be appropriate because "the remaining issues in this action … are legal in character."  Pls.' Mem. in Supp. of Mot. for Summ. J. at 1 n.1 (Dkt. 70).  Plaintiffs made no mention of any remaining factual issues and again pressed for resolution of the case as a matter of law.

In its December 23, 2011 Memorandum and Order, the Court resolved those remaining legal issues in New Chrysler's favor, holding that Plaintiffs were not entitled under Section 747 to be "restored" or "reinstated" to the New Chrysler dealer network on the same terms that had existed under their rejected franchise agreements with Old Chrysler.  Rather, the Court correctly held that the "sole remedy provided for in [Section 747]" is a "'customary and usual letter of intent to enter into a sales and service agreement.'"  Op. 5.  The Court believed there was an open question of fact, however, as to whether the letters of intent that New Chrysler provided to Plaintiffs "constitute the customary and usual letters offered to all potential franchisees at the time of the offering," and directed the parties to prepare for trial on that issue.  *Id*. at 12-13.

New Chrysler submits that the Court may have been led to that conclusion by Plaintiffs' eleventh-hour attempt to avoid the imminent dismissal of their Complaint by claiming for the first time in their response brief that a material factual dispute existed as to whether they had

received New Chrysler's "customary and usual" letter of intent.  *See* Pls.' Mem. in Further Supp. of Mot. for Summ. J. & Opp'n to New Chrysler's Mot. for Summ. J. at 5-6 & n.1 (Dkt. 72).  As shown  below, however—and as Plaintiffs' repeated admissions confirm—no such factual issue has ever existed in this case.

After the Court issued its December 23, 2011 Memorandum and Order, New Chrysler submitted a letter to the Court requesting a pre-motion conference to discuss a motion for reconsideration as to the factual issue the Court had identified (Dkt. 89).  After Plaintiffs had responded to that letter (Dkt. 90), the parties submitted a Joint Proposed Pre-Trial Order (Dkt. 91).  In that Order, Plaintiffs again raised no factual issue as to whether the letters of intent they had received constituted New Chrysler's "customary and usual" letter of intent.  Instead, without acknowledging this Court's contrary holding, Plaintiffs described the issue remaining for trial as whether, "*[a]s a matter of law*," the letters of intent were "neither customary nor usual" because they did not effectuate Plaintiffs' immediate and unconditional "reinstatement" to New Chrysler's dealer network, in violation of Section 747.  Joint Proposed Pre-Trial Order at 5-6 (emphasis added); *id*. at 4-11.  Plaintiffs have taken the position that trial of that issue will require five trial days, fifteen witnesses, and over 150 exhibits.  *Id.* at 11-25.

## ARGUMENT

Reconsideration may be justified in light of "an intervening change of controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).  A party moving for reconsideration may prevail by "point[ing] to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also* Local Civ. R. 6.3.  That standard is met here.

I.     RECONSIDERATION IS WARRANTED TO ACCOUNT FOR PLAINTIFFS' REPEATED
       REPRESENTATIONS THAT ALL REMAINING ISSUES ARE LEGAL IN NATURE AND THEIR
       FAILURE TO RAISE THE FACTUAL ISSUE THE COURT HAS IDENTIFIED

From the outset of this litigation, Plaintiffs' theory has been that they are entitled under

Section 747 to immediate "reinstatement" to the New Chrysler dealer network on the same terms

and conditions that existed under their rejected franchise agreements with Old Chrysler, and

without regard to whether they could satisfy the conditions set forth in a customary and usual

letter of intent.  Plaintiffs' demand for relief on the First and Third Claims in the Complaint—the

only claims remaining after the stipulated dismissal of all other claims—thus sought an order

"reinstating Plaintiffs to the Chrysler dealer network upon the same terms and conditions that

existed prior to [the] Old Chrysler bankruptcy proceeding" and "directing Chrysler to comply

with the Act by issuing to each of the Plaintiffs its standard franchise agreement, known as its

Sales and Service Agreement."  Compl. at 18-19.  These claims rested on Plaintiffs' legal

argument concerning the proper interpretation of Section 747—an interpretation the Court has

now squarely rejected.

To the extent Plaintiffs' Complaint sought a declaration that New Chrysler violated

Section 747 by failing to issue a "customary and usual letter of intent," Compl. ¶ 89, that demand

for relief rested on the same legal theory.  Plaintiffs' Complaint thus alleged that New Chrysler

had violated Section 747 because the letters of intent it offered to Plaintiffs imposed conditions

that had not applied under Plaintiffs' rejected franchise agreements with Old Chrysler and failed

to restore Plaintiffs to the "status quo ante."  *E.g.*, Compl. ¶¶ 39-41, 44, 47, 49-51, 55-56, 85.  In

other words, the letters of intent that New Chrysler provided to Plaintiffs did not satisfy Section

747, in Plaintiffs' view, because the letters failed to effectuate Plaintiffs' immediate and unconditional "reinstatement" to the New Chrysler dealer network.  *Id.*[2]

      As shown below, Plaintiffs have adhered to that theory throughout each stage of this litigation.  And, consistent with that position, Plaintiffs have repeatedly conceded that the sole issues remaining in this case following the stipulated dismissal were "legal in nature" and should be resolved as a matter of law.

---

[2] Even where the Complaint cited specific terms in the letters of intent as failing to satisfy Section 747, Plaintiffs objected to those terms on the *legal* ground that the specified terms allegedly had not appeared in Plaintiffs' franchise agreements with Old Chrysler and did not unconditionally "restore" Plaintiffs to the New Chrysler dealer network, or were otherwise *legally* improper.  *See* Compl. ¶ 45 (objecting to New Chrysler's letters of intent as "neither customary [n]or usual" on the ground that they required Plaintiffs to complete facility renovations and comply with other requirements as a condition to entering into a sales and service agreement and therefore did not effectuate immediate reinstatement); *id.* (objecting to New Chrysler's letters of intent as "neither customary [n]or usual" on the ground that they unlawfully incorporated provisions of state law).  No allegation in the Complaint identified any factual respect in which the letters of intent Plaintiffs received did not "constitute the customary and usual letters of intent offered to all potential franchisees at the time of the offering."  Op. 12; *see* Compl. ¶¶ 39-103; *id*. at 18-19.

A.   **Throughout Discovery And The Proceedings Leading To The Filing Of Cross-Motions For Summary Judgment, Plaintiffs Repeatedly Conceded That Only Legal Issues Remained And Never Raised Any Factual Issues Concerning The Letters Of Intent**

Plaintiffs' admissions in discovery demonstrate that they have not made a factual claim as to whether the letters of intent that New Chrysler provided to them constituted New Chrysler's "customary and usual" letter of intent.  When New Chrysler served interrogatories asking Plaintiffs to state the basis for the allegation in their Complaint that the letters of intent were not "customary and usual," Plaintiffs responded by relying solely on their legal argument that Section 747 was intended to provide for unconditional "reinstatement" and asserting that the letters of intent violated the Act because they imposed conditions that allegedly had not appeared in Plaintiffs' rejected franchise agreements with Old Chrysler or in the Old Chrysler franchise agreements that New Chrysler assumed.  *See* Eagle's Responses & Objections to New Chrysler's First Set of Interrogatories ¶ 6 (Apr. 22, 2011) (Exhibit A); Terry's Responses & Objections to New Chrysler's First Set of Interrogatories ¶ 6 (Apr. 22, 2011) (Exhibit B).

When New Chrysler asked Plaintiffs to supplement this response by identifying any factual issue, *see* Letter from G. Mykulak to S. Blatt at 2, 4 (May 19, 2011) (Exhibit E), Plaintiffs objected that the interrogatory impermissibly sought legal conclusions "unrelated to [the] facts of the case," and reiterated their view that the remaining claims were "substantially legal in character" and should be "tried by the court via summary judgment motions."  Letter from S. Blatt to G. Mykulak at 2-3 (June 1, 2011) (Exhibit C).  New Chrysler again pressed Plaintiffs to identify any factual issues relating to their claim that the letters of intent were not "customary and usual."  *See* Letter from N. Feit to S. Blatt at 1 (June 4, 2011) (Exhibit F).  But Plaintiffs again gave no response except to repeat their legal argument that the letters of intent imposed conditions that had not appeared in Plaintiffs' rejected franchise agreements with Old

9

Chrysler or in the Old Chrysler agreements assumed by New Chrysler, *see* Letter from S. Blatt to G. Mykulak & N. Feit at 3 (June 8, 2011) (appended to Letter Regarding Reconsideration).

Plaintiffs made these deliberate concessions even though New Chrysler had by then produced to Plaintiffs copies of the "customary and usual" letters of intent issued by New Chrysler.[3]  After receiving those documents, Plaintiffs represented to New Chrysler and the Court that "no further discovery" would be required to resolve this case.  June 28 Letter at 1. Plaintiffs thus had access to all the documents they would have needed had they wished to identify any factual issue relating to the letters of intent New Chrysler provided to them.  Instead, they again agreed that only legal issues remained to be resolved and asked the Court to resolve those legal issues on summary judgment.

As discussed above, on June 28, 2011, Plaintiffs wrote to the Court requesting a pre-motion conference to discuss their proposal to seek summary judgment disposing of the

_____

[3] Specifically, New Chrysler produced to Plaintiffs copies of (1) approximately 32 Open Point Letters of Intent that New Chrysler offered in or around the period from April 2010 to July 2010 to "rejected" dealers whose franchise agreements with Old Chrysler had been rejected in the bankruptcy court but who had obtained favorable decisions in Section 747 arbitrations, including those letters that were accepted and executed; (2) approximately 50 Open Point Letters of Intent that New Chrysler offered prior to any Section 747 hearings to "rejected" dealers whose franchise agreements with Old Chrysler had been rejected in the bankruptcy court, including those letters that were accepted and executed; and (3) approximately 56 Open Point Letters of Intent offered by New Chrysler to prospective dealers in the ordinary course of New Chrysler's business that were fully executed.

remaining claims in the case.  June 28 Letter at 1.  Plaintiffs explained that, in light of the

stipulated dismissal, "no further discovery" was necessary, and "a motion for summary judgment

[would be] appropriate at this time as the remaining issues in this action … are legal in character

and their resolution would entail this Court's statutory interpretation of the Act and a

concomitant determination as to whether Chrysler has complied with or violated the Act."  *Id*. at

1, 3; *see id*. at 3 ("[T]he interpretation of the Act is a legal question that can be tried by the court

via summary judgment motions.").  New Chrysler agreed that the case was "ripe for adjudication

on cross-motions for summary judgment in that the remaining claims present legal issues of

statutory construction."  New Chrysler's July 1, 2011 Letter to the Court at 1 (Dkt. 63).

> **B.    Plaintiffs' Summary Judgment Briefs Again Conceded That All Remaining Issues Were Legal In Nature And Failed To Raise Any Genuine Issue Of Material Fact Relating To The Letters Of Intent**

Plaintiffs' motion for summary judgment sought final judgment on both remaining claims

in their Complaint and requested dismissal of New Chrysler's Counterclaim as a matter of law.

*See* Pls.' Notice of Mot. for Summ. J. at 2 (Dkt. 69); Pls.' Mem. in Supp. of Mot. for Summ. J. at

25 (Dkt. 70).  Plaintiffs' motion thus encompassed their request for a declaration that "Chrysler

has failed and refused to issue to any of the Plaintiffs 'a customary and usual letter of intent to

enter into a sales and service agreement' as required by the Act."  Compl. ¶ 89; *id.* at 18.  In their

opening brief, Plaintiffs reiterated that summary adjudication would be appropriate because "the

remaining issues in this action"—including their request for declaratory relief—"are legal in

character."  Pls.' Mem. in Supp. of Mot. for Summ. J. at 1 n.1 (Dkt. 70).  Consistent with that

representation, Plaintiffs argued that they were entitled under Section 747 to immediate and

unconditional "reinstatement," without regard to whether they could satisfy the terms and

conditions of a "customary and usual" letter of intent.  And they characterized their demand for

declaratory relief as seeking a declaration that New Chrysler's letters of intent violated Section

747 because they "include[d] numerous new and onerous criteria that never pertained to Plaintiffs' franchises prior to their termination in Chrysler's bankruptcy." *Id.* at 8; *see also* Declaration of Leonard A. Bellavia (Dkt. 69) ¶¶ 18, 20 n.3, 21, 23, 26, 64 (challenging New Chrysler's letters of intent on the ground that they thwarted the purpose of Section 747 as Plaintiffs understood it by failing to effectuate Plaintiffs' unconditional "reinstatement"). At no point did Plaintiffs contend that the letters of intent they had received did not constitute New Chrysler's "customary and usual" letter of intent or even suggest that a live factual issue remained in the case.

In their response brief—after New Chrysler had joined issue on the legal question of what remedy was required under Section 747 and proceeded in accord with Plaintiffs' representations that only legal issues remained—Plaintiffs asserted for the first time that material facts remained in dispute as to whether the letters of intent New Chrysler provided were "customary and usual." Pls. Mem. in Further Supp. of Mot. for Summ. J. & Opp'n to New Chrysler's Cross-Mot. for Summ. J. at 5-6 & n.1 (Dkt. 72). But no such factual issues remained in this case, and even in this last-ditch effort in their response brief, Plaintiffs failed to identify even one factual issue requiring trial. *Id.* Instead, Plaintiffs repeated their assertions that the letters of intent New Chrysler had provided to them violated the "purpose of the Act" as Plaintiffs understood it "by conditioning each of the Plaintiffs' reinstatement to Chrysler's dealer network on the dealer's execution" of the letter of intent. *Id.* And while Plaintiffs objected to specific terms of the letters of intent as "neither customary [n]or usual," they did so only on the legal grounds that the letters imposed conditions Plaintiffs must meet before receiving a sales and service agreement or that the letters incorporated state law. *Id.* Plaintiffs did not assert that the letters of intent New Chrysler had provided did not constitute New Chrysler's "customary and usual" letter of intent,

much less "come forward with specific evidence demonstrating the existence of a genuine

dispute of material fact" as to whether they had received New Chrysler's "customary and usual"

letter of intent.  *FDIC v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010).

**C.    Plaintiffs' Statements In The Joint Proposed Pre-Trial Order Confirm That
There Is No Factual Issue For Trial**

Plaintiffs' statements in the parties' joint proposed pre-trial order, filed after New

Chrysler sought leave to file this motion for reconsideration, confirm that there is no factual issue

for trial in this case.  In describing the "claims and defenses that remain to be tried," Plaintiffs

again rehash their legal position—without even acknowledging this Court's contrary

determination—that the purpose of Section 747 was to effectuate the "expedited reinstatement"

of former Old Chrysler dealers whose franchise agreements were rejected in the bankruptcy

court.  Joint Proposed Pre-Trial Order at 4-5 (Dkt. 91).  As to the letters of intent, Plaintiffs

characterize the basis of their claim that the letters they received from New Chrysler are not

"customary and usual" in the following unequivocal terms:

> 6.  *As a matter of law*, Chrysler's Letter of Intent is neither customary nor usual in
> that the Act did not intend to provide Chrysler with the opportunity to impose
> upon the prevailing dealers new requirements that would only *delay their desired
> expeditious reinstatement*.

> 7.  *As a matter of law*, Chrysler's Letter of Intent is neither customary nor usual
> because permitting Chrysler with the opportunity to *avoid the quick reinstatement
> remedy required by the Act* by imposing new (and restrictive and burdensome)
> terms and conditions upon dealers who were successful at their arbitrations (as
> Chrysler has done to Plaintiffs) would frustrate the Congressional desire and
> mandate (a) of providing the automobile dealers that were terminated in
> Chrysler's bankruptcy proceedings, a fair and reasonable opportunity of quickly
> getting back into business and (b) to permit the swift *reinstatement* of dealers who
> obtained a favorable arbitration award.

> 8.  *As a matter of law*, a determination that Chrysler's Letter of Intent is
> customary and usual would completely *vitiate the clear meaning of Congress* (i.e.,
> to quickly put dealers that were successful in their arbitrations with Chrysler and
> GM *back into business*).

*Id.* at 5-6 (emphases added).

Plaintiffs' position could not be clearer:  They perceive the issue remaining for trial to entail only the question whether, "[a]s a matter of law," the letters of intent that New Chrysler offered are "neither customary nor usual because" they do not effectuate the "reinstatement remedy required by the Act."  *Id.*  This question has already been determined by the Court, however, and it certainly does not present a triable issue of fact.

Plaintiffs' description of the contested "facts" in the joint proposed pre-trial order likewise flouts this Court's determination as to the meaning of Section 747 and confirms that there is no triable issue of fact.  In it, Plaintiffs repeat their legal argument that they are entitled under Section 747 to be "reinstated 'without delay,'" and that the letters of intent that New Chrysler provided to them are "neither customary [n]or usual" because they "condition[] each of the Plaintiffs' reinstatement to Chrysler's dealer network" on the execution and satisfaction of a letter of intent.  Joint Proposed Pre-Trial Order at 7-11 (Dkt. 91).  While Plaintiffs object to certain specific terms in the letters of intent, they continue to do so only on the legal grounds that the letters of intent differ from the terms of Plaintiffs' rejected franchise agreements with Old Chrysler or the Old Chrysler franchise agreements that New Chrysler assumed in the asset sale, that they impose conditions Plaintiffs must satisfy before receiving a sales and service agreement, or that they are otherwise legally objectionable.  *Id.* at 10-11.

Reconsideration is accordingly warranted to account for Plaintiffs' repeated admissions that the only remaining issues in this case are legal in nature and their failure to identify any factual issue as to whether the letters of intent New Chrysler provided to them constituted New Chrysler's "customary and usual" letters of intent.

**II.     RECONSIDERATION IS WARRANTED TO PREVENT MANIFEST INJUSTICE**

Reconsideration is also appropriate here to prevent the injustice that would occur if Plaintiffs were permitted to alter their theory of the case at the eleventh hour, without notice to New Chrysler, and force New Chrysler—and this Court—to shoulder the expense and burden of trial on an issue that Plaintiffs never raised in any earlier stage of the litigation.  As shown, Plaintiffs have consistently advanced the position that the sole issues remaining in the case following the stipulated dismissal of their claims for damages were purely legal questions concerning whether Section 747 provides for "reinstatement" or "restor[ation]" of Plaintiffs' dealership agreements with New Chrysler on the same terms and conditions as their former agreements with Old Chrysler.  Plaintiffs proposed that those remaining issues should be resolved on motions for summary judgment, and they objected when New Chrysler served discovery requests asking them to identify the factual basis for their claim that the letters of intent were not "customary and usual."  *Supra* pp. 9-11.  Instead of providing New Chrysler with notice of what their position on such a factual issue might be, Plaintiffs insisted that any further discovery was unnecessary because the remaining issues were "substantially legal in character." *Supra* pp. 9-10.

Based on those representations, New Chrysler understood and intended that the parties' cross-motions for summary judgment would be case-dispositive.  New Chrysler did not address the "customary and usual" issue identified in the Court's December 23, 2011 Memorandum and Order because Plaintiffs had never raised it and had repeatedly conceded that only legal issues remained in the case.  Those statements left New Chrysler with no notice that any factual issue might arise with respect to whether Plaintiffs received New Chrysler's "customary and usual" letters of intent, much less what the content of such a claim might be.

Plaintiffs should be held to the position they deliberately adopted and adhered to throughout the litigation.  Forcing New Chrysler to participate in a five-day (or longer) trial would unfairly reward Plaintiffs' tactic of waiting until the eleventh hour to invent factual claims they had repeatedly insisted did not exist.  Plaintiffs have had numerous opportunities to assert such a claim had they ever intended to do so.  And they have yet to give New Chrysler any fair notice as to the factual basis of their position on the question the Court identified for trial— "whether the letters of intent offered to Plaintiffs constitute the customary and usual letters of intent offered to all potential franchisees at the time of the offering."  Op. 12.  Instead, as their statements in the joint proposed pre-trial order make clear, Plaintiffs plainly view the trial this Court ordered as a venue for rehashing their legal claim that the letters of intent New Chrysler provided to them violate Section 747 because they do not effectuate Plaintiffs' immediate and unconditional "reinstatement" to the New Chrysler dealer network.  *See* Joint Proposed Pre-Trial Order at 5-11.  But the Court has already decided that issue, and Plaintiffs should not be permitted to impose upon New Chrysler or the Court the expense of a trial to relitigate those legal issues.[4]

---

[4] At a minimum, New Chrysler should be permitted to file a case-dispositive motion for summary judgment on the "customary and usual" issue, as to which Plaintiffs have failed to "come forward with specific evidence demonstrating the existence of a genuine dispute of material fact."  *Great Am. Ins. Co.*, 607 F.3d at 292.  In reliance on Plaintiffs' representations, New Chrysler omitted any argument about the "customary and usual" issue from its previous motion for summary judgment only because Plaintiffs had never raised such a claim, but had instead maintained that the sole remaining issues in the case were legal in nature.  To the extent

**CONCLUSION**

The Court should grant New Chrysler's motion for reconsideration of that aspect of the
Court's December 23, 2011 Memorandum and Order that found a triable issue of fact as to
whether the letters of intent that New Chrysler offered to Plaintiffs constituted New Chrysler's
"customary and usual" letters of intent, and enter a final judgment dismissing Plaintiffs'
Complaint in its entirety.

---

the Court concludes that Plaintiffs should be permitted to proceed further on the question

whether they received New Chrysler's "customary and usual" letters of intent, New Chrysler

believes it is entitled to judgment on that issue as a matter of law.  The letters of intent that New

Chrysler provided to Plaintiffs are in the record, New Chrysler long ago produced to Plaintiffs

copies of the "customary and usual" letters of intent used by New Chrysler, and Plaintiffs have

represented that "no further discovery" is required.  June 28 Letter at 1.  The issue is therefore

amenable to resolution by summary adjudication.

17

February 2, 2012

CHRYSLER GROUP LLC

By its attorneys,
/s/ George W. Mykulak
Wilmer Cutler Pickering Hale and Dorr LLP

Peter J. Macdonald
Nicole E. Feit
399 Park Avenue
New York, NY  10002
Telephone:  (212) 230-8800
Facsimile:  (212) 230-8888
peter.macdonald@wilmerhale.com
nicole.feit@wilmerhale.com

*Of Counsel*
Robert D. Cultice (admitted *pro hac vice*)
George W. Mykulak (admitted *pro hac vice*)
60 State Street
Boston, MA  02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000
robert.cultice@wilmerhale.com
george.mykulak@wilmerhale.com