UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
EAGLE AUTO MALL CORP., TERRY
CHRYSLER JEEP, INC., JHS BUSINESS
ASSOCIATES INC. D/B/A/ CROSSROADS
SUPERSTORE, and WESTMINSTER
DODGE, INC.,

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D N Y

★   MAR 0 9 2012   ★

LONG ISLAND OFFICE

MEMORANDUM AND ORDER

           Plaintiffs,

      -against-

CHRYSLER GROUP, LLC,

           Defendants.
------------------------------------------------------X

CV 10-3876

(Wexler, J.)

APPEARANCES:

      BELLAVIA GENTILE & ASSOCIATES, LLP
      BY: LEONARD A. BELLAVIA, ESQ.
          STEVEN BLATT, ESQ.
      Attorneys for Plaintiffs
      200 Old Country Road Suite 400
      Mineola, New York 11501

      WILMER CUTLER PICKERING HALE & DORR LLP
      BY: GEORGE MYKULAK, ESQ.
          ROBERT D. CULTICE, ESQ.
      60 State Street
      Boston, MA 02109
      Attorneys for Defendant

      WILMER CUTLER PICKERING HALE & DORR LLP
      BY: NICOLE FEIT, ESQ.
          PETER J. MacDONALD, ESQ.
      399 Park Avenue
      New York, NY 10002

WEXLER, District Judge

Plaintiffs in this action, Eagle Auto Mall Corp. ("Eagle"), and Terry Chrysler Jeep, Inc. ("Terry") are automobile dealerships that were terminated in connection with the bankruptcy of Chrysler LLC, and certain of its subsidiaries and affiliates ("Old Chrysler").[1] Defendant Chrysler Group, LLC., ("New Chrysler") is the entity that purchased certain of the assets in the bankruptcy of Old Chrysler. Plaintiffs challenge the implementation by Defendant of their rights under a statute passed after the Old Chrysler bankruptcy.  That statute, Section 747 of the Consolidated Appropriations Act of 2010 (the "Act"), was passed to grant certain rights to dealerships terminated as a result of the bankruptcy of, inter alia, Old Chrysler.  Plaintiffs took advantage of the arbitration proceedings provided by the Act, and prevailed.

Previously before the court were the parties' cross motions for summary judgment. The issues presented by those motions were: (1) whether the court had jurisdiction to confirm arbitration awards made pursuant to the Act, and (2) whether the decisions of the arbitrators entitle Plaintiffs to be reinstated as dealers under the same terms provided by their pre-bankruptcy dealership agreements with Old Chrysler.

In a Memorandum and Order dated December 23, 2011, this court denied Plaintiff's motion and granted, in part, the motion of Defendant. Eagle Auto Mall Corp. v. Chrysler Group, LLC, 2011 WL 6754087 (E.D.N.Y. 2011).  First, denying Plaintiffs' motion, this

---

[1]     This case was commenced by four separate dealerships.  Two have since settled, leaving as Plaintiffs Eagle Auto Mall Corp. and Terry Chrysler Jeep, Inc. as Plaintiffs.

court held that the Act did not confer jurisdiction to confirm the arbitrator's award. As to Defendant's motion, this court held that Plaintiffs were not entitled to reinstatement Chrysler dealers under the same terms and conditions as their pre-bankruptcy agreements with Old Chrysler. Instead, the court held that Plaintiffs were entitled only to the offer of "a customary and usual letter of intent to enter into a franchise agreement." Eagle Auto Mall, 2011 WL 6754087 *5. The court interpreted this to mean that Plaintiffs were entitled to an offer under terms that were usual and customary at the time of the offer, and not those governing Plaintiffs' pre-bankruptcy dealership agreements. Id.

This court then turned to the issue of whether Plaintiffs were, indeed, offered the customary and usual letter of intent required by the Act. Id. at *6. As to this issue, this court held that there remained "an open question" as to whether the letters of intent offered were, indeed the "customary and usual letters of intent offered to all potential franchisees at the time of the offering." Id. Concluding that this issue presented a question of fact that could not be decided in the summary judgment context, this court reserved the matter for trial. Id.

<u>The Motion for Reconsideration</u>

Presently before the court is Defendant's motion for reconsideration. The motion argues that Plaintiffs never sought anything other than reinstatement to their pre-bankruptcy dealership agreements. Defendant argues that the court's rejection of this position leaves Plaintiff with no claim, and entitles Defendants to judgment dismissing the complaint in its entirety. In opposition to the motion, Plaintiffs concede that they sought reinstatement to their pre-bankruptcy status, but state that they have always argued, in the alternative, that

3

Defendant has failed to offer them the required customary and usual letters of intent.

## Disposition of the Motion

I.    Legal Standard

Motions for reconsideration are properly granted only if there is a showing of: (1) an intervening change in controlling law; (2) the availability of new evidence or (3) a need to correct a clear error or prevent manifest injustice.  Virgin Atlantic Airways, Ltd. v. National Mediation Board, 956 F.2d 1245, 1255 (2d Cir. 1992); Almonte v. City of Long Beach, 2005 WL 1971014 *1 (E.D.N.Y. 2005).  "The standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court has overlooked . . . ."  Nowacki v. Closson, 2001 WL 175239 *1 (N.D.N.Y. 2001), quoting, Shrader v. CSX Transportation, Inc., 70 F.3d 255, 256-57 (2d Cir. 1995).  The burden on the movant is high to ensure finality in decisions, discourage repetitive arguments and to prevent a losing party from rearguing a decision after examination in an attempt to correct prior inadequacies.  See id.; see also Altamonte, 2005 WL 1971014 at *1.  The party seeking reconsideration may not "advance new facts, issues or arguments not previously presented to the Court."  Altamonte, 2005 WL 1971014 at *1 (quoting Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Maryland, 768 F. Supp. 115, 116 (S.D.N.Y. 1991).

II.   The Motion for Reconsideration is Denied

As noted, Defendant seeks reconsideration on the ground that Plaintiffs have never sought the remedy of being offered the customary and usual letter of intent that the court has

4

found remaining for trial, but have sought only reinstatement to their pre-bankruptcy status. As this remedy is foreclosed by the court's earlier decision, Defendant seek complete summary judgment and dismissal.

Plaintiffs take the position that they have pled and litigated this matter seeking, as they may, alternative remedies. The court agrees. While Plaintiffs have taken the position that they are entitled to be reinstated to their pre-bankruptcy status, they have also taken the alternative position set forth above. That matter remains for trial. In light of the foregoing, the court rejects Defendant's position that reconsideration is warranted to correct clear error or prevent manifest injustice. Accordingly, the motion for reconsideration is denied. The parties shall file their pretrial orders in light of the denial of this motion, the issue remaining for trial, and in the time frame set forth by the assigned Magistrate Judge.

## CONCLUSION

Defendant's motion for reconsideration is denied. The Clerk of the Court is directed to terminate the motion appearing in this matter at docket entry 95.

SO ORDERED

_S/ L. Wexler_

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Central Islip, New York
March 9 , 2012

5