WILMERHALE

**George W. Mykulak**

+1 617 526 6023(t)
+1 617 526 5000(f)
george.mykulak@wilmerhale.com

April 27, 2012

**By ECF and Federal Express**

Hon. Leonard Wexler
United States District Judge
Eastern District of New York
Long Island Federal Courthouse
944 Federal Plaza
Central Islip, NY 11722

**Re:** *Eagle Auto Mall Corp. et al v. Chrysler Group LLC*, **10-cv-03876(LDW)(GRB)**

Dear Judge Wexler:

Pursuant to this Court's Amended Rule 2(B), Chrysler Group LLC ("CG") respectfully requests leave to file a motion for summary judgment on the sole remaining issue in this case, which is whether the letters of intent ("LOI") issued by CG to the Plaintiffs are "customary and usual" within the meaning of Section 747(e) of the Consolidated Appropriations Act of 2010 ("Sec. 747"). This request is prompted by the April 9, 2012 decision of the U.S. District Court for the Central District of California in *Los Feliz Ford Inc. v. Chrysler Group LLC,* 2:10-cv-06077(GAF)(MAN) (Apr. 9, 2012) (Doc. 97) in favor of CG,[1] where the Court held as a matter of law that the LOI delivered to the rejected dealer contained terms that were "customary and usual" in compliance with Sec. 747. A copy of the *Los Feliz Ford* decision is attached hereto for the Court's convenience.

Specifically, the *Los Feliz Ford* Court ruled that the LOI challenged by the rejected dealer contained provisions that were in the vast majority of the LOIs issued by CG to new dealers, and therefore "**no reasonable jury could conclude that the letter of intent issued to the plaintiff was not 'customary and usual**.'" *Id.* at 18. (emphasis supplied). CG submits that summary judgment also is appropriate in the instant case. Plaintiffs in both cases received almost identical LOIs from CG; obtained in discovery from CG virtually the same set of LOIs that CG issued to other dealers; and have asserted essentially the same challenges to specific provisions of the LOIs. Because, as the *Los Feliz Ford* Court recognized, there are no triable issues of fact regarding the terms of the LOIs and whether they are "customary and usual," and in the interest of avoiding an unnecessary and burdensome trial that Plaintiffs project in the Joint Proposed Pre-Trial Order to last "five full trial days," CG respectfully requests leave to file a dispositive motion for summary judgment.[2]

**Background**

On December 23, 2011, this Court held that the "sole remedy" provided for in Sec. 747 is a "customary and usual letter of intent to enter into a sales and service agreement" and that Sec.

---

[1] On April 19, 2012, the plaintiff in *Los Feliz Ford* filed a Motion to Set Aside, Amend, or Add to Court's Findings of Summary Judgment. *Los Feliz Ford*, 2:10-cv-06077(GAF)(MAN) (Doc. 98). CG will oppose that motion.
[2] The parties are scheduled to appear on May 2, 2012 before Magistrate Judge Gary Brown for a final pre-trial conference.

Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, Massachusetts 02109

Beijing   Berlin   Boston   Brussels   Frankfurt   London   Los Angeles   New York   Oxford   Palo Alto   Waltham   Washington
ACTIVEUS 95255761v4

WILMERHALE

Hon. Leonard Wexler
April 27, 2012
Page 2

747 does not entitle Plaintiffs to reinstatement of their pre-bankruptcy dealership agreements with CG.  Dec. 23, 2011 Order, at 5, 12.  This Court's rulings are in accord with every federal court that has considered these issues.  *See Tysinger Motor Co. v. Chrysler Group, LLC*, 2011 WL 63866, at *3 (E.D. Va. Jan. 7, 2011); *Quality Jeep Chrysler, Inc. v. Chrysler Group LLC*, No. 1:10-cv-00900-PJK-RHS, at 3 (Doc. 138) (D.N.M. Aug. 18, 2011)*, Chrysler Group LLC v. South Holland Dodge, Inc*., No. 10-12984, Opinion & Order (E.D. Mich. Mar. 27, 2012); *Los Feliz Ford*, Inc. No. 2:10-cv-06077, at 10-11.

In addition, this Court has repeatedly held that the only issue remaining for trial is whether Plaintiffs are entitled to an offer under terms that were usual and customary "at the time of the offering."  Dec. 23, 2011 Order, at 12; *see also* Mar. 9, 2012 Order at 3.  Plaintiffs have ignored the Court's identification of the sole trial issue and have advised in the Joint Proposed Pre-Trial Order submitted to the Magistrate Judge that they intend to pursue reinstatement issues and that the trial will likely take five (5) days.[3]  (Dkt. 91).

**As Recognized in *Los Feliz Ford*, the LOI Provisions Identified By Plaintiffs Can Be Determined To Be "Customary and Usual" as a Matter of Law**

As the *Los Feliz Ford* Court decided*,* the provisions contained in the LOIs that Plaintiffs challenge in this case can and should be determined to be "customary and usual" as a matter of law.  Plaintiffs are in no different position than the *Los Feliz Ford* plaintiff.  They received virtually the same LOI from CG, and, as set forth below, they are challenging almost the same LOI provisions that the *Los Feliz Ford* plaintiff alleged were not "customary and usual."  A year ago, CG produced to Plaintiffs in discovery essentially the same set of LOIs that CG produced to the *Los Feliz Ford* plaintiff, namely those LOIs issued to 1) the "rejected" dealers that prevailed in arbitration, 2) dealers that opted for arbitration but settled prior to any arbitration proceeding, and 3) any new dealers added to the network in the ordinary course of business since CG's inception.[4]  Thus, the Court in *Los Feliz Ford* analyzed virtually the same set of claims and same set of LOIs at issue in this case in ruling that the LOI that CG delivered to the rejected dealer contained terms that were "customary and usual" in compliance with Sec. 747.  More particularly, the table below shows that the *Los Feliz Ford* Court determined as a matter of law that provisions of the LOI being challenged by both the *Los Feliz Ford* plaintiff and Plaintiffs in this case are "customary and usual."

| *Plaintiffs' Allegations: Terms Are Not "Customary and Usual" (Compl. ¶45)* | *Rulings in Los Feliz Ford: Terms Are "Customary and Usual"* |
| --- | --- |
| "Chrysler will not provide Plaintiffs with any new Chrysler Motor vehicles for sale to the general | **LOI ¶ 8(A)**: "Before CG enters into a Agreement with You…you must complete construction or |

---

[3] To this end, on April 9, 2012, Plaintiffs brought a renewed motion to compel production seeking documents unrelated to sole remaining issue for trial. Dkt. 108.  CG opposed that motion on several substantive grounds and cross-moved for sanctions.  Dkt. 110.  The motions are pending before Magistrate Judge Brown.
[4] CG also produced to Plaintiffs in this matter three (3) open-point LOIs issued by Old Chrysler after January 1, 2007.  CG was not required to produce these documents, which are irrelevant to the analysis of what is customary and usual since CG's inception after the bankruptcy.  However, CG produced these in an effort to resolve amicably a discovery dispute with Plaintiffs.  Indeed, Magistrate Judge Boyle, in his denial of Plaintiffs' motion to compel on April 8, 2011, recognized that CG's production of LOIs fulfilled its discovery obligations and held that CG was not required to produce these documents.

WILMERHALE

Hon. Leonard Wexler
April 27, 2012
Page 3

| public unless and until Plaintiffs complete a facility renovation in a manner that has been solely prescribed by Chrysler." | renovation of the Facility in accordance with the plans and specifications and obtain a certificate of occupancy for the facility. |
|---|---|
| "Plaintiffs must provide Chrysler with an option to lease or purchase the Plaintiff's dealership facility" | ¶ 8(D) "Enter into a minimum five (5) year lease, including option years, if You lease the Facility or the land for the Facility…" |
| | ¶8(H) "Provide Chrysler Group Realty Company with an acceptable site option…to lease or purchase the dealership facility. with option to lease or purchase facility. |
| | Held: Paragraph 8 was "customary and usual" because paragraphs "substantially identical" appeared in 89% of letters issued to new dealers since CG's inception.  Mem. Op at 14,18. |
| "Plaintiffs must waive certain rights…such as protest rights that it may possess in the event a new dealer is added in the Plaintiffs' market area." | LOI ¶ 13: "You will not protest or challenge the establishment and/or relocation of the Chrysler and Jeep vehicle lines for a period beginning on the effective date of this LOI and ending five (5) years from the effective date of Your Agreement…" |
| | Held: Paragraph 13 was "customary and usual" because paragraphs "substantially identical" appeared in 75% of letters issued to new dealers since CG's inception.  Mem. Op. at 14,18. |

For these reasons, CG requests leave to file a motion for summary judgment on the one remaining issue in this case.  Like the Court in *Los Feliz Ford*, this Court can and should determine as a matter of law based on its review and comparison of undisputed evidence that the LOIs delivered to Plaintiffs are "customary and usual" in full satisfaction of Sec. 747.

Thank you for your consideration.

Very truly yours,


/s/George W. Mykulak

George W. Mykulak

Cc:     Allen Press, Esq., Co-Counsel for Plaintiffs
        Steven Blatt, Esq., Counsel for Plaintiffs