# WILMERHALE

August 14, 2012

**George W. Mykulak**

+1 617 526 6023 (t)
+1 617 526 5000 (f)
george.mykulak@wilmerhale.com

<u>By ECF and First Class Mail</u>

Hon. Leonard D. Wexler
United States District Court
Eastern District of New York
Long Island Federal Courthouse
944 Federal Plaza
Central Islip, NY 11722

<u>Re: **Eagle Auto Mall Corp. et al v. Chrysler Group LLC**, 10-cv-03876(LDW)(GRB)</u>

Dear Judge Wexler:

On behalf of Defendant Chrysler Group LLC ("CG"), I write to oppose Plaintiffs' letter motion of August 9, 2012, which seeks an order reopening discovery and compelling further production in order that Plaintiffs may seek to supplement the summary judgment record nearly two months after the close of briefing. Plaintiffs' latest attempt to clutter the record with irrelevant information and postpone an unfavorable judgment is frivolous and should be denied. Their letter motion is procedurally improper; it ignores two previous adverse rulings by Magistrate Judges Boyle and Brown rejecting identical requests; and it seeks production of documents that have no bearing on the narrow issue remaining in this case.

As a threshold matter, Plaintiffs' letter motion should be rejected because it is procedurally defective. Although couched in its opening paragraph as a motion to supplement the pending summary judgment record, the essence of Plaintiffs' letter motion is their request to reopen discovery and compel further production—not only of a letter of intent ("LOI") that Plaintiffs assume CG issued to the Lia Group, but of any "other such documents" pertaining to other dealers CG has added "since it completed its document production in May 2011." Letter at 2. Section 2(A) of the Court's Amended Rules, however, requires that all discovery motions must be submitted to the Magistrate Judge. Plaintiffs are well aware of this Rule, having directed an April 2012 motion to compel to Magistrate Judge Brown (without success). Letter at 1, Doc. No. 108, Apr. 9, 2012.[1]

By improperly submitting their discovery motion directly to this Court, Plaintiffs are transparently attempting to circumvent the law of this case and obtain a different ruling on issues

---

[1] Even if Plaintiffs' letter motion were properly directed to this Court, Plaintiffs have ignored their obligation to file a pre-motion request under Amended Rule § 2(B). Moreover, by seeking to compel production of not only the Lia Group LOI, but also documents pertaining to other dealers CG has added since it completed its document production, the relief Plaintiffs request is significantly broader than the August 3, 2012 demand they presented to CG. Plaintiffs made no effort to meet and confer on this broader relief, as required by Local Rule 37.3.

WILMERHALE

Judge Leonard D. Wexler
August 14, 2012
Page 2

that were expressly considered and rejected by Magistrate Judges Boyle and Brown. In March 2011, before the close of discovery, Plaintiffs moved to compel production of any agreements (not limited to LOIs) between CG and its dealers or dealer candidates, including any modified agreements. *See* Letter at 2-3, Doc. No. 40, Mar. 10, 2011. On April 8, 2011, Magistrate Judge Boyle denied that Motion, *see* Minute Order, Doc. No. 48, Apr. 8, 2011, and Plaintiffs subsequently represented to this Court that they "require[d] no further discovery," Letter at 1, Doc. No. 61, June 28, 2011.

One year later, claiming to have "[n]ew information" showing that CG's document production had been "grossly incomplete," Plaintiffs filed a further motion to reopen discovery and compel supplemental production. *See* Letter at 1, Doc. No. 108, Apr. 9, 2012. This motion sought, among other things, documents reflecting exceptions or modifications to the customary and usual LOI that CG agreed to in particular cases. *See id.* at 2-3. On April 30, 2012, Magistrate Judge Brown denied Plaintiffs' motion. Order, Doc. No. 112, Apr. 30, 2012. Noting that Plaintiffs had sought "[v]irtually precise relief" from Magistrate Judge Boyle and that "no relevant fa[c]ts ha[d] changed," Magistrate Judge Brown saw "no reason why Magistrate Judge Boyle's denial of Plaintiffs' first motion to compel should be revisited." *Id.* at 2. Magistrate Judge Brown also noted that discovery had closed almost a year earlier, that Plaintiffs had failed to seek any extension or timely reopening, and that Plaintiffs had "expressly waived the right to any further discovery." *Id.* Magistrate Judge Brown further held that the discovery Plaintiffs sought was not likely to lead to relevant evidence because documents showing "subsequent modifications to signed Letters of Intent" would not "have any bearing on whether the Letters of Intent offered to [P]laintiffs were customary and usual." *Id.* at 3.

Plaintiffs' letter motion thus seeks an end run around the Magistrate Judges' separate rulings that CG has fully complied with its discovery obligations, that CG had no obligation to supplement after the conclusion of discovery, and that the additional documents Plaintiffs seek are irrelevant to the sole issue remaining in the case. Plaintiffs' renewed claims of "new information" (at 1) concerning an exception CG allegedly made to its customary and usual LOI in a particular case are no different than the claims that were previously considered and rejected. The Magistrate Judges' rulings, which establish the law of this case, should be upheld.

In any event, the additional discovery Plaintiffs seek is irrelevant to the narrow issue remaining in this case—namely, whether the LOIs Plaintiffs received were "customary and usual ... **at the time of the offering**." Mem. and Order at 3-4, Doc. No. 116, May 15, 2012 (emphasis added). That is so for several reasons. First, CG issued the LOIs to Plaintiffs in July 2010. The terms on which CG recently added the Lia Group to its dealer network are irrelevant to whether the terms in Plaintiffs' LOIs were customary and usual over two years ago at the time of the offering. Second, as CG has explained and Magistrate Judge Brown held, any *modification* CG might have made to the terms of its customary and usual LOI in negotiating an agreement with the Lia Group or any other dealer candidate sheds no light on whether the *unmodified* terms of

WILMERHALE

Judge Leonard D. Wexler
August 14, 2012
Page 3

the LOIs CG issued to Plaintiffs are "customary and usual." *See* CG's Reply Br. in Supp. of Mot. for Summ. J. at 4-5, Doc. No. 130, June 22, 2012; Order at 2-3, Doc. No. 112, Apr. 30, 2012. Finally, even if the Lia Group's LOI (rather than the interim terms on which the Lia Group will allegedly operate pending completion of its facilities) omitted any requirement that appears in the LOIs CG issued to Plaintiffs, that would not materially alter the summary judgment record. That record shows that the LOI terms to which Plaintiffs object appear in the ***vast majority*** of the LOIs that CG offered to other dealer candidates. For example, Plaintiffs base their letter motion on what they contend is an onerous aspect of their LOIs: the requirement in Paragraph 6 to construct a decorative arch at their facilities. However, as the summary judgment record demonstrates, the architecture requirements of Paragraph 6 are found in **90%** of the LOIs that CG offered to other dealer candidates.[2] Moreover, the other facility requirements in Paragraph 6 of Plaintiffs' LOIs appear in 97% of LOIs offered to other dealer candidates, and the facility renovation requirement of Paragraph 8(A) appears in 91%. *See* CG's Mem. in Supp. of Mot. for Summ. J. at 9, Doc. No. 120, June 22, 2012; Am. Decl. of John D. Tangeman ¶ 17 & Ex. E, Doc. No. 131, June 22, 2012. Whatever its terms, a single LOI that CG issued to the Lia Group more than two years after the relevant time period would not alter this undisputed record.

For these reasons, CG respectfully requests that this Court deny Plaintiffs' August 9, 2012 letter motion.

Respectfully submitted,

George W. Mykulak /cwc/
George W. Mykulak

cc: Magistrate Judge Gary Brown (ECF only)
    Allen Press, Esq., Co-Counsel for Plaintiff
    Steven Blatt, Esq., Counsel for Plaintiffs

---

[2] Plaintiffs claim in their letter motion (at 1) to have produced evidence in opposition to CG's motion for summary judgment of "twenty-one dealers added after Chrysler's bankruptcy who were not required to construct an arch." In fact, Plaintiffs identified only 15 LOIs that did not require construction of an arch. *See* Declaration of Allen Press (Doc. No. 129) at ¶ 7(c).