UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
EAGLE AUTO MALL CORP., TERRY
CHRYSLER JEEP, INC., JHS BUSINESS
ASSOCIATES INC. D/B/A/ CROSSROADS
SUPERSTORE, and WESTMINSTER
DODGE, INC.,



MEMORANDUM AND ORDER

                Plaintiffs,                CV 10-3876

         -against-                (Wexler, J.)

CHRYSLER GROUP, LLC,

                Defendants.
----------------------------------------------------------X
APPEARANCES:

    BELLAVIA GENTILE & ASSOCIATES, LLP
    BY: LEONARD A. BELLAVIA, ESQ.
        STEVEN BLATT, ESQ.
    Attorneys for Plaintiffs
    200 Old Country Road Suite 400
    Mineola, New York 11501

    WILMER CUTLER PICKERING HALE & DORR LLP
    BY: GEORGE MYKULAK, ESQ.
        ROBERT D. CULTICE, ESQ.
    60 State Street
    Boston, MA 02109
    Attorneys for Defendant

    WILMER CUTLER PICKERING HALE & DORR LLP
    BY: NICOLE FEIT, ESQ.
        PETER J. MacDONALD, ESQ.
    399 Park Avenue
    New York, NY 10002

1

WEXLER, District Judge

Plaintiffs in this action, Eagle Auto Mall Corp. ("Eagle"), and Terry Chrysler Jeep, Inc. ("Terry") are automobile dealerships that were terminated in connection with the bankruptcy of Chrysler LLC, and certain of its subsidiaries and affiliates ("Old Chrysler").[1] Defendant Chrysler Group, LLC., ("New Chrysler") is the entity that purchased certain of the assets in the bankruptcy of Old Chrysler. Plaintiffs challenge the implementation by Defendant of their rights under a statute passed after the Old Chrysler bankruptcy. That statute, Section 747 of the Consolidated Appropriations Act of 2010 (the "Act"), was passed to grant certain rights to dealerships terminated as a result of the bankruptcy of, inter alia, Old Chrysler. Plaintiffs took advantage of the arbitration proceedings provided by the Act, and prevailed.

Previously before the court were the parties' cross motions for summary judgment. In a Memorandum and Order dated December 23, 2011, this court denied Plaintiff's motion and granted, in part, the motion of Defendant. Eagle Auto Mall Corp. v. Chrysler Group, LLC, 2011 WL 6754087 (E.D.N.Y. 2011). First, denying Plaintiffs' motion, this court held that the Act did not confer jurisdiction to confirm the arbitrator's award. As to Defendant's motion, this court held that Plaintiffs were not entitled to reinstatement as Chrysler dealers under the same terms and conditions as their pre-bankruptcy agreements with Old Chrysler. Instead, the court held that Plaintiffs were entitled only to the offer of "a customary and usual

---

[1] This case was commenced by four separate dealerships. Two have since settled, leaving as Plaintiffs Eagle Auto Mall Corp. and Terry Chrysler Jeep, Inc. as Plaintiffs.

letter of intent to enter into a franchise agreement." Eagle Auto Mall, 2011 WL 6754087 *5. The court interpreted this to mean that Plaintiffs were entitled to an offer under terms that were usual and customary at the time of the offer, and not those governing Plaintiffs' pre-bankruptcy dealership agreements. Id.

As to the issue of whether Plaintiffs were, indeed, offered the customary and usual letter of intent required by the Act, this court held that there remained "an open question" as to whether the letters of intent offered were, indeed the "customary and usual letters of intent offered to all potential franchisees at the time of the offering." Id. Concluding that this issue presented a question of fact that could not be decided in the summary judgment context, this court reserved the matter for trial. Id.

Defendants have filed, after obtaining the court's permission, a second motion for summary judgment, which has recently been fully briefed. Presently before the court is Plaintiffs' letter request, dated August 9, 2012, to "supplement" the summary judgment record, and Defendants' August 14, 2012 response thereto.

While Plaintiffs' couch their request as one to "supplement the summary judgment record," it is, in reality, a request to re-open discovery in this matter. The request is denied. As noted by Magistrate Judge Brown when denying a similar request in April of this year, discovery in this case closed on July 29, 1011. Eagle Auto Mall Corp. v. Chrysler Group, LLC, CV 10-3876 (April 30, 2012) (decision of Magistrate Judge Brown denying motion to re-open discovery). As further noted by the Magistrate Judge, Plaintiffs represented that all discovery was completed in this matter as early as June of 2011, and, prior to the

3

reassignment of this matter to his court, Magistrate Judge Boyle denied a nearly identical request to re-open discovery. Id.

The court agrees with the prior decisions of the Magistrate Judges overseeing discovery in this matter and rejecting attempts to re-open discovery. Even in the absence of such opinions, the court would nonetheless deny the present request as irrelevant. As noted above and in prior opinions in this action, the issue remaining herein is whether Plaintiffs' were offered the customary and usual letters of intent at the time of the offering, i.e. in July of 2010. The additional discovery sought does not relate to that time period. Despite characterizing their letter as a simple request to "supplement" the summary judgment record, Plaintiffs' request is no more than a request to re-open discovery that has long since been closed, with no real reason in support thereof. The request is denied.

## CONCLUSION

Plaintiffs' letter application appearing as docket entry number 140 is hereby denied.

SO ORDERED

/s/ LEONARD D. WEXLER
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Central Islip, New York
August 15, 2012