UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
EAGLE AUTO MALL CORP., TERRY
CHRYSLER JEEP, INC., JHS BUSINESS
ASSOCIATES INC. D/B/A/ CROSSROADS
SUPERSTORE, and WESTMINSTER
DODGE, INC.,

                                       MEMORANDUM AND ORDER

                  Plaintiffs,                     CV 10-3876

            -against-                   (Wexler, J.)

CHRYSLER GROUP, LLC,

                  Defendants.
-------------------------------------------------------X
APPEARANCES:

     BELLAVIA GENTILE & ASSOCIATES, LLP
     BY: LEONARD A. BELLAVIA, ESQ.
         STEVEN BLATT, ESQ.
     Attorneys for Plaintiffs
     200 Old Country Road Suite 400
     Mineola, New York 11501

     WILMER CUTLER PICKERING HALE & DORR LLP
     BY: GEORGE MYKULAK, ESQ.
         ROBERT D. CULTICE, ESQ.
     60 State Street
     Boston, MA 02109
     Attorneys for Defendant

     WILMER CUTLER PICKERING HALE & DORR LLP
     BY: NICOLE FEIT, ESQ.
         PETER J. MacDONALD, ESQ.
     399 Park Avenue
     New York, NY 10002

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y
★ SEP 28 2012 ★
LONG ISLAND OFFICE

WEXLER, District Judge

Plaintiffs in this action, Eagle Auto Mall Corp. ("Eagle"), and Terry Chrysler Jeep,

Inc. ("Terry") are automobile dealerships that were terminated in connection with the

bankruptcy of Chrysler LLC, and certain of its subsidiaries and affiliates ("Old Chrysler").[1]

Defendant Chrysler Group, LLC., ("New Chrysler") is the entity that purchased certain assets

in the bankruptcy of Old Chrysler. Plaintiffs challenge the implementation by Defendant of

their rights under a statute passed after the Old Chrysler bankruptcy. That statute, Section

747 of the Consolidated Appropriations Act of 2010 ("Section 747"), was passed to grant

certain rights to dealerships terminated as a result of the bankruptcy of, inter alia, Old

Chrysler. Plaintiffs took advantage of the arbitration proceedings provided by the Act, and

prevailed.

Previously before the court were the parties' cross motions for summary judgment. In

a Memorandum and Order dated December 23, 2011, this court denied Plaintiff's motion and

granted, in part, the motion of Defendant. Eagle Auto Mall Corp. v. Chrysler Group, LLC,

2011 WL 6754087 (E.D.N.Y. 2011). First, denying Plaintiffs' motion, this court held that

the Act did not confer jurisdiction to confirm the arbitrator's award. As to Defendant's

motion, this court held that Plaintiffs were not entitled to reinstatement as Chrysler dealers

under the same terms and conditions as their pre-bankruptcy agreements with Old Chrysler.

Instead, the court held that Plaintiffs were entitled only to the offer of "a customary and usual

---

[1]     This case was commenced by four separate dealerships. Two have since
settled, leaving as Plaintiffs Eagle Auto Mall Corp. and Terry Chrysler
Jeep, Inc. as Plaintiffs.

2

letter of intent to enter into a franchise agreement." Eagle Auto Mall, 2011 WL 6754087 *5.
The court interpreted this to mean that Plaintiffs were entitled to an offer under terms that
were usual and customary at the time of the offer, and not those governing Plaintiffs' pre-
bankruptcy dealership agreements. Id.

This court then turned to the issue of whether Plaintiffs were, indeed, offered the
customary and usual letter of intent required by the Act. Id. at *6. As to this issue, the court
held that there remained "an open question" as to whether the letters of intent offered were,
indeed the "customary and usual letters of intent offered to all potential franchisees at the
time of the offering." Id. Concluding that this issue presented a question of fact that could
not be decided in the summary judgment context, this court reserved the matter for trial. Id.
Thereafter Defendant moved for reconsideration. In a Memorandum and Order dated March
9, 2012, this court denied the motion for reconsideration.

After the close of discovery, Defendant again requested to move for summary
judgment. That request was based on the recent decision of the court in Los Feliz Ford, Inc.
v. Chrysler Group, LLC, 10-cv-6077 (C.D. Ca. April 9, 2012) (hereinafter "Los Feliz Ford").
There, the court held that no issue of fact existed as to whether plaintiffs were offered the
required letter of intent. Specifically, the court in Los Feliz Ford, held that "no reasonable
jury could conclude that the letter of intent issued to the plaintiff wasn't 'customary and
usual.'" Los Feliz Ford, at 3. Since the issue here, as in Los Feliz Ford, is whether Plaintiffs
were offered a "customary and usual letter of intent," Defendant argued that the same
conclusion reached in Los Feliz Ford is required here. Plaintiffs opposed Defendant's request

3

to move for summary judgment. The court allowed Defendants to move again for summary judgment. That motion is now fully briefed and before the court.

DISCUSSION

I.   Standards on Motion for Summary Judgment

The standards for summary judgment are well settled.  Rule 56(c) of the Federal Rules of Civil Procedure 56(c), states that summary judgment is appropriate only if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Reiseck v. Universal Commc'ns of Miami, Inc., 591 F.3d 101, 104 (2d Cir. 2010).  The moving party bears the burden of showing entitlement to summary judgment. See Huminski v. Corsones, 396 F.3d 53, 69 (2d Cir. 2005).  In the context of a Rule 56 motion, the court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 122 (2d Cir. 2004); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (summary judgment is unwarranted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

II.   Disposition of the Motion

Plaintiffs spend much of their papers arguing that the Los Feliz Ford case is not binding on this court, either as a matter of collateral estoppel or stare decisis.  Defendant makes no such argument, and none is before the court.  Instead, Defendant relies on the Los

4

Feliz Ford case as a well-reasoned decision based upon facts indistinguishable from those raised here.

The court agrees that Los Feliz Ford is indeed a well reasoned case. Indeed, that court relied on many of this court's holdings when issuing its decision. Thus, the Los Feliz Ford court agreed with this court when construing the "customary and usual letter of intent" language as referring to those offered by Chrysler in its "post-bankruptcy incarnation." Los Feliz Ford, at 10. As set forth in Los Feliz Ford, Chrysler cannot frustrate the purpose of Section 747 by offering dealers who prevailed in arbitration "unusual and onerous" terms, but must instead, offer previously terminated dealers "the same terms they offer to new dealers." Los Feliz Ford, at 14. This does not mean that the court is to scrutinize the terms offered to determine whether they are fair and reasonable. See Los Feliz Ford, at 17. It means only that the court must determine whether the terms offered are customary and usual. Id.

Put simply, the issue is whether the letters of intent offered to Plaintiffs here were substantially the same as those offered to dealers who were given the opportunity to be added as new franchisees to the dealer network during the same time period. The court has reviewed the parties submissions and cannot hold, based upon those the papers alone, whether such terms were offered to the Plaintiffs here. Accordingly, the motion for summary judgment is denied.

CONCLUSION

Defendant's motion for summary judgment is denied. The Clerk of the Court is directed to terminate the motion filed under docket entry number 119. Counsel are directed

5

to appear before this court for a final pretrial conference to beheld on October 11, 2012 at

10:30 A.M.

SO ORDERED

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Central Islip, New York
September 28, 2012