# WILMERHALE

October 10, 2012

**George W. Mykulak**

+1 617 526 6023 (t)
+1 617 526 5000 (f)
george.mykulak@wilmerhale.com

By ECF and Federal Express

Honorable Leonard D. Wexler
United States District Court for the Eastern District of New York
Long Island Federal Courthouse
944 Federal Plaza
Central Islip, NY 11722

Re: *Eagle Auto Mall Corp. et al v. Chrysler Group LLC*, 10-cv-03876 (LDW)(GRB)

Dear Judge Wexler:

    Defendant Chrysler Group LLC ("CG") respectfully requests leave to file a motion *in limine* seeking to limit Plaintiffs to the discrete trial issue repeatedly identified by the Court, and to prevent Plaintiffs from adducing the multitude of extraneous exhibits and witnesses that they have listed in the Joint Proposed Pretrial Order entered on May 14, 2012. (Doc. 115).

    This Court has made it patently clear that the only trial issue in this case is whether Plaintiffs received "customary and usual" letters of intent ("LOI") to enter into sales and service agreements, as provided in Section 747 of the Consolidated Appropriations Act of 2010 ("Section 747"). December 23, 2011 Order at 12; March 9, 2012 Order at 3. The Court recently distilled the issue to whether or not the LOIs that CG offered to Plaintiffs were "***substantially the same*** as those offered to dealers who were given the opportunity to be added as new franchisees to the dealer network ***during the same time period***." *See* September 28, 2012 Order at 5 (emphasis added). It also emphasized that it will not "scrutinize the terms offered to determine whether they are fair and reasonable." September 28 Order at 5.

    While Plaintiffs readily concede their understanding of the Court's rulings that Section 747 does not automatically "restore" them to the dealership network or entitle them "to be reinstated as Chrysler dealers under the same terms and conditions" with Old Chrysler, many of the issues that Plaintiffs intend to try and much of the evidence Plaintiffs propose to introduce belie that understanding and ignore the Court's previous rulings. *See* Plaintiffs' Response to CG's Statement of Undisputed Material Facts, ¶ 6, 12-15 (Doc. 125). Plaintiffs' contribution to the Joint Proposed Pretrial Order requests 5 full trial days to adduce over 150 exhibits, present 15 witnesses and resolve 8 contested legal claims and 44 contested facts, most of which are directed at the same "restoration" and "reinstatement" claims that the Court has repeatedly rejected. *Compare* September 28 Order at 2-3 (citing Dec. 23, 2011 Order) *with* Joint Proposed Pretrial Order (Doc. 115) contested legal claims 1-8, contested facts 37-41. Indeed, ignoring the Court's earlier rejection of their position, Plaintiffs intend to rehash the issue of legislative intent regarding what the Court has determined to be an unambiguous Section 747. *Compare, e.g.,* December

**WILMERHALE**

Honorable Leonard D. Wexler
October 10, 2012
Page 2

23, 2011 Order at 11-12 *with* Joint Proposed Pretrial Order (Doc. 115) proposed exhibits 1-4, 9, 12-13, 157; contested facts 11-14, 19.[1]

Accordingly, CG requests permission to file a motion *in limine* to preclude Plaintiffs from re-litigating issues that the Court has already determined in favor of CG. Given the law of this case, the primary trial documents should be: 1) the LOIs that CG delivered to Plaintiffs, 2) the LOIs that CG offered during the same time period to dealers who were given the opportunity to be added as new franchisees to CG's existing dealer network and 3) any summaries or comparisons derived from those LOIs.[2]

Similarly, trial testimony should be focused on CG's issuance of, and the terms contained in, that finite set of LOIs. For CG, its most knowledgeable witness is its former National Dealer Placement Manager, Mr. John Tangeman, as evidenced by his affidavits in support of CG's motions for summary judgment in this case and in *Los Feliz Ford v. Chrysler Group LLC*, 2:10-cv-06077 (GAF)(MAN) (C.D. Cal. Apr. 9, 2012).[3] Based on their opposing affidavits, Plaintiffs' witnesses should be limited to Mssrs. Mark Calisi and Charles Morris. Plaintiffs' proposed testimony of other dealers who (i) were not rejected and did not pursue relief under Section 747, or (ii) lost their arbitrations and did not receive an LOI, or (iii) settled pending arbitrations or litigations, or (iv) became dealers long after CG's issuance of LOIs to Plaintiffs, is irrelevant. Similarly, any testimony that extends beyond the four corners of the LOIs offered by CG is not relevant to the Court's determination of whether the terms of Plaintiffs' LOIs are "substantially the same."

Thank you for your consideration.

Very truly yours,

*George W. Mykulak*
George W. Mykulak

cc: Hon. Gary R. Brown
    Allen Press, Esq., Counsel for Plaintiffs
    Steven Blatt, Esq., Counsel for Plaintiffs
Encl.

---

[1] Other examples of irrelevant or incompetent evidence proposed by Plaintiffs are the Commercial Arbitration Rules, correspondence from Plaintiffs' counsel (*e.g.*, proposed exhibits 10-11, 58, 60, 115) and inadmissible hearsay contained in affidavits from other litigation (*e.g.*, proposed exhibits 119-125).

[2] With one exception, CG presented and summarized this finite set of LOIs in support of its recent summary judgment motion. In that analysis, CG included all LOIs that were produced during discovery, including a number of LOIs that were negotiated or modified as part of highly confidential settlement agreements in connection with arbitrations or litigation. Those settlement LOIs were produced in order to amicably resolve a discovery dispute, and, contrary to Plaintiffs' position (*e.g.*, proposed exhibits 110-112, 150-154), are irrelevant to the narrow trial issue identified by the Court in its September Order. CG intends to seek their exclusion.

[3] William Doucette, the Dealer Network Development Manager for CG's Northeast Business Center, may also be a trial witness given his knowledge with respect to LOIs delivered to Plaintiffs.